IMPORTACIONES VILCA, INC., demandante y recurrido, *v.* HOGARES CREA, INC., demandado y peticionario.

*Número:* CE-86-532        *Resuelto:* 15 de abril de 1987

---

*Francisco J. Silva Salcedo,* abogado del peticionario; *Porben Ulloa,* abogado del recurrido.

EL JUEZ ASOCIADO SEÑOR NEGRÓN GARCÍA emitió la opinión del Tribunal.

Descargamos nuestra conciencia teniendo presente como único derrotero, "impartir justicia de conformidad con el Derecho aplicable, con absoluta ecuanimidad, y sin preocupar [nos] el reconocimiento que pueda darse a [esta] labor, ni la crítica injusta". Canon XI de Ética Judicial. Fieles a una antigua tradición jurídica, a tono con el espíritu que informa el Canon XVII, (¹) por resultar "infundadas e innecesarias que tiendan a menospreciar el prestigio" (Canon IV) de la ilustrada sala de instancia, consideramos altamente censurables las desafortunadas expresiones públicas del Director de Hogares Crea, Inc., Sr. Juan José García Ríos, destempladamente poniendo en entredicho la imparcialidad de dicho foro. El que reconozcamos el derecho de expresión y el de la crítica, no significa que estemos ajenos al carácter irrespetuoso de las mismas. En modo alguno nos han impedido juzgar serena y objetivamente los mérito de su recurso.

---

(¹) Dispone:

"El Juez dirigirá los trabajos del tribunal con orden y decoro y estará alerta contra todo proceder que pueda afectar la dignidad y el respeto debidos al tribunal. Intervendrá para impedir cualquier conducta impropia de las partes, los abogados o cualquier otra persona, *y tomará la acción que en su discreción proceda de acuerdo con la ley, los cánones de ética profesional y las mejores tradiciones del sistema judicial.*

"En el curso de los procedimientos judiciales, el Juez mantendrá su actitud general, sus manifestaciones y el tono de su voz dentro de la debida propiedad y circunspección sin mostrar impaciencia o severidad excesivas. Tampoco hará comentarios ni gestos ajenos al proceso judicial, entendiéndose comprendidos dentro de esta prohibición aquellos comentarios, expresiones o gestos que envuelvan burla o mofa; ni ridiculizará de modo alguno a los abogados, las partes, los testigos, los funcionarios del tribunal o a otras personas que a él acudan.

"*Cuando sea necesario, el Juez podrá elogiar o censurar la conducta de los abogados pero, hasta donde sea posible, deberá hacerlo desde el estrado o en sus resoluciones o sentencias y siempre con la debida moderación y ecuanimidad.*" (Énfasis suplido.) 4 L.P.R.A. Ap. IV-A, C. XVII.

I

El 21 de enero de 1985, Importaciones Vilca, Inc., demandó a Hogares Crea, Inc., en el Tribunal Superior, Sala de San Juan. Reclamó el pago de $31,839.50 en concepto de mercancía vendida a crédito, no pagada, intereses, más $500 por gastos y honorarios de abogado. Hogares Crea fue emplazada al otro día. El 7 de febrero de 1985 contestó por mediación del abogado Lic. Gerardo Méndez Correa. Rechazó la deuda categóricamente y sin cualificarla, y formuló reconvención aduciendo que Importaciones le debía $30,530.70. Ésta negó tal reclamación. El 16 de mayo de 1985 se celebró una conferencia con antelación a juicio. En la misma se sometió un informe y se señaló la vista en su fondo para el 16 de octubre de 1985, a las 9:00 a.m. Fueron notificados los abogados de las partes a sus respectivas direcciones en autos.

El 14 de octubre el licenciado Méndez Correa solicitó que se pospusiera esta vista por razón de estar recuperándose de una cirugía. El tribunal la transfirió para el 6 de febrero de 1986. Ese día, ante la incomparecencia de Hogares Crea y su abogado, y habida cuenta que uno de los testigos de la parte demandante Importaciones viajó desde Costa Rica, el tribunal accedió a ventilar el caso.(²) Con fecha de 13 de marzo de 1986 —notificada el 20— dictó sentencia en la que declaraba con lugar la demanda. Desestimó la reconvención con perjuicio.

El 31 de marzo de 1986, el licenciado Méndez Correa pidió que se dejara sin efecto dicha sentencia a base de que no recibió la notificación para el señalamiento, pues presumiblemente su buzón había sido vandalizado. Adujo que Hogares Crea tenía buenas defensas. No las especificó. Simplemente se limitó a alegar que "la parte demandada tiene defensas que oponer a la demanda y las mismas son meritorias, por lo que

---

(²) De la transcripción de evidencia se desprende que uno de los testigos presentes vino de Costa Rica. Desconocemos si declaró.

entiende se debe dar una oportunidad para establecer sus defensas y en esta forma servir mejor a los intereses de la justicia". Apéndice VI, pág. 9. Importaciones se opuso. El tribunal se negó de plano. Subsiguientemente, el licenciado Méndez Correa renunció. Fue sustituido por el abogado Francisco J. Silva, quien reiteró el pedido de Hogares Crea.(³) El tribunal nuevamente reafirmó su negativa.

Inconforme, el 13 de agosto de 1986, Hogares Crea acudió ante este foro y señaló que el tribunal a quo había abusado de su discreción. El 4 de septiembre siguiente negamos el recurso,(⁴) dictamen que reiteramos el 3 de noviembre de ese

---

(³) En esta ocasión, Hogares Crea cuestionó el hecho de que el testigo de la demandante Importaciones viniera a la vista desde Costa Rica. Insistió además que su incomparecencia se debió a que nunca fue notificada. Otra vez afirmó que poseía prueba documental y testifical que categóricamente establecía que no debía suma alguna de dinero, y por el contrario, era Importaciones la que le adeudaba. Su moción *no* fue acompañada con declaración jurada ni ningún otro documento en su apoyo.

(⁴) La petición consta de catorce (14) páginas. En la misma Hogares Crea nos expuso que, "[a] e]rró el ilustrado tribunal de instancia al optar por tomar una medida tan severa como lo fue de celebrar la vista el 6 de febrero de 1986 sin la comparecencia de la parte demandada-recurrente, no empece a sus diligentes gestiones, en vez de considerar e imponer aquellas sanciones que para estas situaciones permiten las Reglas de Procedimiento Civil de 1979[; b) e]rró el . . . tribunal al dar por conclu[i]do el caso que aquí nos ocupa sin tomar en consideración los planteamientos esbozados en la Moción de Relevo de Sentencia bajo la Regla 49.2 referentes a la justa y meritoria causa de acción a favor de la parte demandante, ocasionándole así graves perjuicios".

Otra vez Hogares Crea dejó de presentar documentos que tendieran a indicar la existencia de las alegadas defensas válidas y meritorias.

Sobre sus defensas y reclamaciones se limitó a señalar: "El segundo planteamiento que se expone en la moción bajo la regla 49.2 es el interés que tiene la parte demandada-recurrente de presentar su caso. La parte aquí compareciente tiene la prueba necesaria para establecer en su día las defensas y alegaciones que se han planteado en la contestación a demanda y en la reconvención. La prueba que en su día se presentará gira en torno a establecer que de acuerdo al contrato que fuera firmado por las partes envueltas el día 8 de julio de 1980, expone en la cláusula CUARTA lo relacionado a un descuento del precio de las bolsas en concepto de donativo para Hogares Crea, Inc. También se establecerá[n] las demás partidas en la Reconvención."

año. (⁵) Evaluamos ahora una segunda moción de reconsideración.

## II

■ Indudablemente que el licenciado Méndez Correa, abogado original de Hogares Crea no fue del todo diligente en la tramitación del caso. Omitió realizar y adoptar medidas apropiadas para asegurar el recibo regular e ininterrumpido de las notificaciones del tribunal, incluso la relativa al señalamiento de 6 de febrero de 1986. Su propia excusa en el sentido de que su buzón era frecuentemente vandalizado, demuestra una indiferencia peculiar. Ante esa experiencia, ¿por qué no tomó medidas cautelares para evitarlo o no cambió el lugar del recibo de su correspondencia? La Regla 9 de Procedimiento Civil impone a todo abogado el deber de consignar su dirección y notificar cualquier cambio a la parte contraria y al tribunal. Ínsito en este mandato está que el medio seleccionado sea adecuado, seguro y efectivo. Es "menester crear conciencia de lo necesario e imprescindible que resulta para el buen funcionamiento de la Rama Judicial la observancia de esa sencilla gestión. El presente recurso, su atención por este foro, los gastos forenses y costos judiciales que su omisión ha generado, es ejemplarizante del valor que representa para toda nuestra

---

(⁵) En 8 de octubre de 1986, *por primera vez* Hogares Crea produjo documentación con el aparente propósito de apoyar su teoría de que había pagado la deuda reclamada conforme el contrato. Se trata de una *certificación* suscrita el 7 de octubre de 1986 por un contador público autorizado, que contiene un análisis basado en más de cien (100) facturas y cheques durante los años 1980 a 1984. Se acompañaron fotocopias de tales documentos.

Al proveerse no ha lugar a esta primera reconsideración, el Juez Asociado Señor Rebollo López consignó que reconsideraría, expediría el auto y dictaría sentencia "ordenando la reapertura del caso, permitiéndosele a la parte recurrente contrainterrogar al testigo presentado por la parte demandante y presentar prueba en apoyo de sus alegaciones; ello previo el pago de una sanción económica de $1,000.00 a favor del Estado Libre Asociado de Puerto Rico por el Lcdo. Gerardo Méndez Correa, abogado original de la parte recurrente". Resolución nuestra de 3 de noviembre de 1986.

clase togada el cumplimiento de ese deber. Debemos estimular su observancia". *Ortalaza* v. *F.S.E.*, 116 D.P.R. 700, 704 (1985). Contra esta dejadez forense y realidad procesal es que Hogares Crea nos solicita que dejemos sin efecto la sentencia.

■ Por su parte, Importaciones se opone basándose en lo establecido en *Fine Art Wallpaper* v. *Wolff*, 102 D.P.R. 451, 457 (1974). Allí establecimos, "[c]omo norma general, cuando un demandado haya dejado de comparecer a un señalamiento sin que aparezca[n] en el récord razones que justifiquen o expliquen tal incomparecencia, como sucedió en este caso, *el tribunal debe continuar la vista con la prueba del demandante y dictar sentencia como corresponda*". (Énfasis suplido.) Resolvemos.

### III

El tribunal de instancia actuó correctamente al ventilar el caso en rebeldía y dictar sentencia ante la no explicada e injustificada ausencia de Hogares Crea y su abogado. Refrendamos su actuación al amparo de la pauta trazada en *Fine Art Wallpaper* v. *Wolff*, supra. Ahora bien, no podemos convenir con su negativa ulterior a dejar sin efecto la sentencia en las circunstancias del caso bajo la Regla 49.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.2.

En *Sucn. Bravo* v. *Srio. de Hacienda*, 106 D.P.R. 672, 675 (1978) expresamos:

. . . [S]i bien la Regla 49.2 no es una llave maestra para reabrir a capricho un pleito ya adjudicado, *el inciso 6 de dicha Regla es amplio para permitir que se corrija un error a todas luces injusto*. Somos Tribunal de Justicia y aunque la Justicia se pinta ciega, como símbolo de su imparcialidad, los Tribunales que la imparten deben tener los ojos bien abiertos para impedir que ella se frustre. Cuando de hacer justicia se trata, no puede haber moldes técnicos que aprisionen los remedios justos. Para ese fin está el citado inciso 6 de la

Regla 49.2, y los hechos ante nos justifican su aplicación. (Énfasis suplido.)

Estos pronunciamientos recogen la visión jurisprudencial de vanguardia en lo que atañe al ideal de que los casos se ventilen en sus méritos. No es incompatible con *Fine Art Wallpaper* v. *Wolff*, supra. Más bien representan la base para los tribunales discrecionalmente evaluar cada solicitud de relevo de sentencia u orden, e imponer primero sanciones a la parte, al abogado ([6]) o a ambos, dependiendo de quién verdaderamente ha causado y es responsable del dictamen judicial fundado en una sanción. *Dávila* v. *Hosp. San Miguel, Inc.*, 117 D.P.R. 807 (1986) ; *Maldonado* v. *Srio. de Rec. Naturales*, 113 D.P.R. 494 (1982) ; *Garriga Gordils* v. *Maldonado Colón*, 109 D.P.R. 817 (1980) ; *Arce* v. *Club Gallístico de San Juan*, 105 D.P.R. 305 (1976) ; *Acevedo* v. *Compañía Telefónica de P.R.*, 102 D.P.R. 787 (1974).

En *Srio. del Trabajo* v. *Mayagüez O. M. Club*, 105 D.P.R. 279, 283 (1976) expresamos:

Ciertamente nos preocupa, y siempre nos ha preocupado, que la indolencia de una o de ambas partes en un litigio pueda frustrar el propósito de que se haga justicia rápida. Nuestras decisiones han estado dirigidas a fortalecer el poder de las Salas de instancia para aligerar los procedimientos, si necesario fuere mediante la drástica sanción de decretar la desestimación y archivo de la demanda de la parte actora *y*,

---

([6]) Desde *Ramírez de Arellano* v. *Srio. de Hacienda*, 85 D.P.R. 823, 830 (1962), habíamos dicho:

". . . [N]o toda actitud o posición que asuma el abogado en el curso del trámite debe perjudicar de inmediato al ciudadano que litiga en el sentido de privarle de la adjudicación en los méritos de sus derechos. *De ordinario la parte que ejercita su derecho en corte no está informada de los trámites rutinarios.* Si bien es cierto que el abogado es su representante y que su gestión la obliga, —un litigante asume la responsabilidad de su selección y no podría escapar las consecuencias de la cosa juzgada, por ejemplo, porque su abogado no hizo los planteamientos propios,— *en otros aspectos de la gestión, como el de autos, la responsabilidad primera hacia el tribunal, como su funcionario que es, es del abogado.*" (Énfasis suplido.)

*según sea el caso, eliminar las alegaciones de la parte de-
mandada, declararla en rebeldía y resolver la causa en su
contra.* No vamos a aflorar esa norma en lo más mínimo.
Pero tiene por necesidad que aplicarse en cada caso conforme
a sus particulares hechos y perspectivas. (Énfasis suplido.)

■ El enfoque no es nuevo. La imposición de sanciones
para beneficio de las partes o el Estado, o ambos —en sus dis-
tintas modalidades— representa la solución judicial al eterno
conflicto en que se debaten dos legítimos intereses: el procesa-
miento rápido y económico de las controversias frente a una
adjudicación justa, preferiblemente en sus méritos. Regla 1
de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 1. *Román Cruz*
v. *Díaz Rifas*, 113 D.P.R. 500, 506–507 (1982); *J.R.T.* v.
*Missy Mfg. Corp.*, 99 D.P.R. 805, 811 (1971).

### IV

Hogares Crea, como institución, merece el beneficio de esta
visión. Su incomparecencia no fue producida directamente por
su culpa. Aunque pudiera imputársele, se debió a las omisio-
nes de su abogado, licenciado Méndez Correa. Con anteriori-
dad a este incidente, este letrado no había mostrado en el caso
rasgos previos de negligencia en su gestión profesional. Por
ende, Hogares Crea no podía anticipar su incomparecencia a
juicio.

■ Aunque el licenciado Méndez Correa fue relevado de
su gestión profesional, la Regla 44.2 de Procedimiento Civil es
fuente reglamentaria suficientemente amplia para imponerle,
como abogado original de Hogares Crea, una sanción econó-
mica ascendente a $1,000 para beneficio del Estado. *Lluch* v.
*España Service Sta.*, 117 D.P.R. 729 (1986). También es
apropiado imponer una sanción de $500 en provecho de Im-
portaciones a ser satisfecha por Hogares Crea, por concepto
de honorarios de abogado y costas. Ambas medidas son proce-

dentes. La demandante Importaciones ha experimentado gastos e inconvenientes por esta situación. También la maquinaria judicial en primera instancia y apelación se ha visto afectada. Ha tenido que invertir tiempo valioso e incurrir en trámites adicionales. Aunque Hogares Crea inicialmente se movió rápido para solicitar la reapertura del caso, no es hasta más tarde, que en una etapa adelantada en alzada, por vía de *reconsideración,* procede a acreditar la existencia de ciertas pruebas en que intentan basar algunas de sus alegadas defensas. *Dávila* v. *Hosp. San Miguel, Inc.,* supra. Antes no lo hizo.

Hace más de medio siglo, en *Sierra* v. *P. Longo & Co.,* 45 D.P.R. 807, 811–812 (1933), sostuvimos que "[a]lgo debe sufrir la parte que obtiene el beneficio [de relevo de sentencia]. El demandante hizo uso de un derecho que la ley y la jurisprudencia le reconocen de consuno al pedir la anotación de rebeldía y el registro de la sentencia, y al sostener luego el reconocimiento de su derecho por parte del secretario y de la corte. Pudo la corte de distrito y debió, dadas las circunstancias que en el caso concurren, imponer como condición para acceder a lo solicitado el pago de una suma razonable —cincuenta dólares, a nuestro juicio— como reintegro de las costas, gastos y honorarios de abogado en que incurriera el demandante".

■ Por los fundamentos expuestos, *se expedirá el auto, se dictará sentencia y se dejará sin efecto la del Tribunal Superior, Sala de San Juan fechada 13 de marzo de 1986, siempre y cuando —en o antes de diez (10) días computados desde la remisión de nuestro mandato— el licenciado Méndez Correa y Hogares Crea, Inc., satisfagan en el foro de instancia las sanciones aquí impuestas como condición para este relevo de sentencia. Transcurrido dicho término sin haberse cum-*

*plido las mismas, quedará automáticamente reinstalada la sentencia de 13 de marzo de 1986.* ([7])

El Juez Asociado Señor Rebollo López —cónsono con el criterio disidente que expresara en ocasión de que el Tribunal denegara la primera moción de reconsideración presentada por Hogares Crea, Inc.— está conforme con que se deje sin efecto la sentencia recurrida. Igualmente entiende procedente la imposición de una sanción económica al abogado original de Hogares Crea, Inc. Disiente, sin embargo, de la imposición de la sanción económica a Hogares Crea, Inc., por cuanto entiende que al dicha parte no ser responsable de la actuación de dicho abogado —situación que acepta la propia opinión emitida por el Tribunal— no hay base legal para imponerle la referida sanción. El Juez Presidente Señor Pons Núñez y el Juez Asociado Señor Hernández Denton se inhibieron. El Juez Asociado Señor Alonso Alonso no intervino.

---

([7]) En *Monllor & Co.* v. *Hutchison,* 18 D.P.R. 893, 894 (1912), declaramos que "[c]uando la condición impuesta por la corte al anular su propia sentencia, no ha sido cumplida por la parte a quien se impuso dicha condición, la corte tiene la facultad de dejar sin efecto la orden anulando [*sic*] su sentencia, restableciendo así las cosas al ser y estado que tenían antes de haberse dictado dicha orden".