ASOCIACION DE MAESTROS DE PUERTO RICO
Demandantes-Recurridos

v.

DEPARTAMENTO DE EDUCACION Y OTROS
Demandados-Peticionarios

Núm. KLCE-95-00092

San Juan, Puerto Rico, a 22 de junio de 1995.

Panel integrado por su presidenta, la Juez Fiol Matta
la Juez Rodríguez de Oronoz, y el Juez Gierbolini

Gilberto Gierbolini, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

En el recurso de *certiorari* instado en el caso de epígrafe el Departamento de Educación solicita la revisión de una Orden emitida el 7 de febrero de 1995, copia de cuya notificación fue archivada en autos el 10 de febrero de 1995. Mediante ésta, el Tribunal de Instancia declaró Sin Lugar una Moción en Solicitud de Levantamiento de Anotación de Rebeldía presentada por el aquí peticionario, subsistiendo así la anotación de rebeldía dictada contra dicha parte el 23 de enero de 1995, por no haber contestado la demanda instada por la Asociación de Maestros de Puerto Rico. El Departamento de Educación solicitó el 15 de febrero de 1995, a nivel de instancia, la reconsideración de la referida anotación de rebeldía. Dicha solicitud fue denegada mediante Orden emitida el 23 de febrero de 1995 y notificada el 27 de febrero de 1995. El presente recurso de *certiorari* fue presentado el 13 de marzo de 1995.

El Departamento de Educación nos solicita que revoquemos la anotación de rebeldía ordenada por el tribunal de instancia. Como fundamento a su posición sostiene que, contrario a lo expresado en la Orden de la cual recurre, la contestación a la demanda fue debidamente presentada. El 6 de abril de 1995 este Tribunal emitió una Orden donde instruyó a la partes a mostrar causa por la que no debíamos revocar la determinación del tribunal de instancia al ordenar la anotación de rebeldía al Estado█ En particular, solicitamos que en los escritos debían analizar el hecho del desistimiento por la parte demandante de su tercera solicitud de anotación de rebeldía, así como el que la demanda había sido contestada al momento de la anotación de rebeldía y al ser denegada la solicitud de reconsideración presentada. Oportunamente la parte recurrida, la Asociación de Maestros, presentó su posición.

Luego de un cuidadoso análisis del recurso instado y a la luz de la totalidad de los documentos que obran en autos y el derecho aplicable, decidimos que procede resolver según habíamos intimado revocando así la Orden recurrida.

### I

Este caso tiene su origen con la presentación de una Demanda de Sentencia Declaratoria donde la Asociación de Maestros de Puerto Rico (la Asociación) alega que el descuento realizado por el Departamento de Educación a varios empleados por razón de haber éstos estado ausentes durante los paros realizados en los meses de septiembre y noviembre de 1993, constituye una represalia en abierta violación al acuerdo alcanzado entre las partes el 3 de noviembre de 1993 y que puso fin a la actividad huelgaria.

Tras presentar la demanda el 22 de diciembre de 1993 y a medida que pasaba el tiempo sin que el Estado contestara la demanda, la Asociación solicitó en tres ocasiones distintas la anotación de la rebeldía a la parte demandada. El Estado, por su parte, solicitó múltiples prórrogas para poder cumplir con su deber de contestar la demanda. La tercera solicitud de anotación de rebeldía fue presentada el 5 de diciembre de 1994 y retirada el 6 de diciembre. El retiro de la solicitud obedeció a conversaciones sostenidas entre las partes donde llegaron al acuerdo de que la contestación sería presentada el 12 de diciembre de 1994. Llegada la fecha, la contestación fue enviada vía fax a las oficinas de la representación legal de la parte demandante, a las 5:23 PM. Al día siguiente, la contestación fue presentada en la Secretaría del Tribunal de Primera Instancia a las 2:21 PM.

Transcurrido lo anterior, el 23 de enero de 1995 el tribunal de instancia emitió la siguiente Orden:

*"Ante la manifiesta y descarnada inactividad del Estado en este caso, se anota la rebeldía del Estado Libre Asociado."*

A esto siguió una Moción en Solicitud de Levantamiento de Anotación de Rebeldía presentada por el Departamento de Educación donde argumentaba que no procedía la anotación pues la demanda sí había sido contestada. A tales efectos, acompañó copia del recibo de envío del fax donde se puede constatar la fecha de 12 de diciembre de 1994 y de la página inicial de la contestación de la demanda en donde surje que el escrito fue presentado en secretaría el 13 de diciembre. Aún así, el tribunal declaró Sin Lugar la moción el 7 de febrero, utilizando el siguiente lenguaje:

*"No ha lugar. El Estado Libre Asociado fue emplazado el 3 de enero de 1994 y a esta fecha, a pesar de las prórrogas solicitadas, aún no ha contestado demanda."*

Tal determinación motivó la presentación por el Estado de una Urgente Moción en Solicitud de Reconsideración el 15 de febrero de 1995. El tribunal dispuso también de dicha moción con un No Ha Lugar. El Departamento de Educación acude en revisión alegando que erró el tribunal de instancia al anotar la rebeldía por motivo de no haber sido contestada la demanda, cuando en realidad la contestación sí fue presentada.

## II

La Regla 45.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III R. 45.1 (1983), dispone la facultad de anotar la rebeldía a una parte en un pleito cuando ésta *"haya dejado de presentar alegaciones o de defenderse en otra forma según se dispone en esas reglas"*. De otra parte, la Regla 45.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III R.45.3 (1983), reconoce la facultad del tribunal para dejar sin efecto una anotación de rebeldía por *"causa justificada"*.

En este caso el tribunal tomó la determinación *motu proprio* de anotar la rebeldía al Estado, ante *"la manifiesta inactividad"* de dicha parte. No obstante, si bien es cierto que el Estado no ha mostrado en este pleito un grado de diligencia razonable, debemos considerar también que entre las partes hubo un acuerdo referente a la fecha de la presentación de la contestación a la demanda. En este sentido, es un hecho irrefutable que a través de su comparecencia del 6 de diciembre de 1994, la Asociación consintió a que la contestación fuera presentada el 12 de diciembre.█ El hecho que el referido escrito, tal como se acordó, fue recibido ese día vía fax por la representación legal de la Asociación, es algo que esa parte no ha contradicho o refutado en su comparecencia ante este Tribunal. Por el contrario, la Asociación expresa que el Estado incumplió con el acuerdo llegado pues la contestación fue presentada en la Secretaría del Tribunal de Primera Instancia el 13 de diciembre. La realidad, sin embargo, es que a ese momento ya la Asociación había recibido la contestación y su presentación en el tribunal al día siguiente no causó problemas ni mayor perjuicio a las partes.

Al presentar el Estado la solicitud de relevo de anotación, la función del tribunal era considerar si mediaba causa justificada para así resolver. Tras examinar la solicitud de relevo que hizo a nivel de instancia el aquí peticionario, nos parece claro que procedía levantar la rebeldía. Al momento de anotarse la rebeldía y presentarse tanto la solicitud de relevo como la moción de reconsideración, la contestación ya formaba parte del expediente del tribunal, por lo que son erróneas las expresiones en sentido contrario del tribunal.█

Aunque reconocemos que el Estado no ha sido diligente, tratándose de un caso de gran interés público, nos inclinamos a que el caso continúe un curso ordinario donde cada parte tenga plena oportunidad de ventilar y probar sus alegaciones, o sea, ambos tendrán su día en corte. *Rivera Santana vs. Superior Packaging, Inc. y otros,* **92 J.T.S. 165,** a la página 10163; *Imp. Vilca, Inc. vs. Hogares Crea, Inc.,* 118 D.P.R. 679, 686 (1987).

## III

Por los fundamentos antes expuestos, se **EXPIDE** el auto solicitado y se **EMITE**

Sentencia **REVOCANDO** la Orden recurrida. Al aceptar la presentación de la Contestación a la Demanda, procede que el caso continúe su curso ordinario.

. Lo acordó y manda el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General

### ESCOLIOS 95 DTA 188

**1.** En lo concerniente a las circunstancias en las que procede una sentencia en rebeldía y los criterios para dejar la misma sin efecto, véase las Reglas 45.2 y 45.3 de las de Procedimiento Civil, 32 L.P.R.A. Ap.III RR. 45.2 y 45.3 (1983). Véase, además, *Neptune Packing Corp. vs. Wackenhut Corp.,* 120 D.P.R. 283 (1988).

**2.** El escrito expresaba lo siguiente:

*"1. En el día de ayer radicamos Tercera Moción en Solicitud de Anotación de Rebeldía.*

*2. Mediante la presente comparecencia retiramos tal solicitud por razón de que el compañero y amigo Miguel G. Laffitte, Secretario Auxiliar de Litigios, nos solicitó retiráramos tal petición, comprometiéndose éste que para el lunes, 12 de diciembre de 1994, radicaría la Contestación a la Demanda notificada en el pleito de epígrafe."*

Comparecencia del 6 de diciembre de 1994 de la parte demandante, Petición de *Certiorari*, Anejo XX.

**3.** A lo sumo, consideramos la posibilidad de que al momento de tomar su determinación el juez de instancia, aún la contestación no había sido unida al expediente en la Secretaría del tribunal de instancia.