# 2003 DTA 118

### TRIBUNAL DE CIRCUITO DE APELACIONES
### CIRCUITO REGIONAL I DE SAN JUAN
### PANEL II

ANA CECILIA COTTO PINTADO
Demandante-Apelante

v.

ROBERTO SANTIAGO CALO
Demandado-Apelado

Núm. KLAN-02-01165

San Juan, Puerto Rico, a 24 de julio de 2003

Panel integrado por su Presidenta, la Juez Rodríguez de Oronoz,
y las Juezas Peñagarícano Soler y Bajandas Vélez

Rodríguez de Oronoz, Jueza Ponente

**TEXTO COMPLETO DE LA SENTENCIA**

El recurso de epígrafe fue presentado el 28 de octubre de 2002. En el mismo, la demandante y apelante Ana Cecilia Cotto Pintado (en adelante denominada como la "*apelante*") solicita que revoquemos la sentencia notificada por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante denominado como el "*TPI*") el 27 de septiembre de 2002.

Mediante resolución notificada el 30 de diciembre de 2002, concedimos un término de treinta (30) días al apelado Roberto Santiago Calo (en adelante denominado como el "*apelado*") para que presentara su alegato en torno al recurso de epígrafe, cosa que hizo el 11 de febrero de 2003.

Por los fundamentos que se exponen a continuación, se revoca la sentencia notificada por el TPI en el caso de epígrafe el 27 de septiembre de 2002, se deja sin efecto la anotación de rebeldía hecha a la apelante y se devuelve el caso a dicho foro para que celebre un nuevo juicio.

**I**

El presente caso comenzó mediante demanda radicada el 8 de febrero de 2002 por la apelante. En dicha demanda, la apelante solicitó que el TPI declarara roto y disuelto el vínculo matrimonial entre la apelante y el apelado por la causal de trato cruel. El 18 de abril de 2002, el apelado contestó la demanda, negando las alegaciones de trato cruel, y a su vez presentó reconvención solicitando el divorcio por la causal de adulterio. El 29 de abril de 2002, la apelante presentó su réplica a la reconvención.

Mediante orden notificada el 30 de abril de 2002, el TPI pautó la vista de divorcio para el martes, 11 de junio de 2002 a las 9:00 de la mañana "*en sesión privada*".

El 22 de mayo de 2002, la apelante radicó una moción solicitando la transferencia del juicio de divorcio. Esta expresó que su abogado, el Lcdo. Francisco Rádinson Caraballo, tenía un señalamiento previo de vista en otro caso para ese mismo día.

Mediante orden notificada el 10 de junio de 2002, el TPI transfirió el juicio de divorcio para el martes, 2 de julio de 2002 a las 9:00 de la mañana.

El 8 de julio de 2002, el abogado del apelado radicó una moción informativa y solicitando renuncia de representación legal. En esta moción, dicho letrado expresó que "*por un error en el calendario del suscribiente*" éste no había comparecido al juicio de divorcio del 2 de julio de 2002. Además, éste señaló que el apelado le había solicitado su renuncia a la representación legal, por lo cual dicho abogado solicitó al TPI que lo relevara de la misma y que se le concedieran treinta (30) días al apelado para anunciar nueva representación legal. El 10 de julio de 2002, el Lcdo. Jorge Gordon Méndez radicó una moción asumiendo la representación legal del demandado.

En orden notificada el 17 de julio de 2002, el TPI expresó que los abogados ni las partes de este caso habían comparecido al juicio de divorcio del 2 de julio de 2002 y pautó "*por última vez*" dicho juicio para el viernes, 23 de agosto de 2002 con un apercibimiento de que de no comparecer la apelante, "*El tribunal ordenará el archivo por falta de interés.*" De la notificación de dicha orden, surge que la misma fue notificada al abogado de récord del apelado, Lcdo. Pablo F. Jiménez Meléndez, pero no así al abogado que solicitó asumir su representación legal el 10 de julio de 2002, Lcdo. Jorge Gordon Menéndez.

El 12 de agosto de 2002, la apelante radicó dos mociones, a saber, una moción solicitando transferencia de vista y una moción en cumplimiento de orden. En la segunda moción, el abogado de la apelante expresó que "*cualquier vista que se haya* [sic] *señalado en este caso, no fue notificada a este abogado suscribiente.*"

Además, en la primera moción dicho letrado informó que el 23 de agosto de 2002, día señalado para el juicio de divorcio, éste ya tenía un señalamiento previo de vista en otro caso que había sido pautado por vía telefónica. Dicho abogado también informó tres fechas como disponibles para la celebración del juicio de divorcio, a saber, 27 y 30 de agosto y 23 de octubre de 2002.

Así las cosas, el 22 de agosto de 2002, el TPI notificó dos órdenes que disponen lo siguiente:

*"Se mantiene el señalamiento del 23 de agosto de 2002.*

*No ha lugar. Del propio expediente surge que el letrado conoce del señalamiento del 2 de julio de 2002."* (Enfasis nuestro)

La segunda expresión, según surge de la notificación de las órdenes, fue en respuesta a la moción en cumplimiento de orden de la apelante del 12 de agosto de 2002. En dicha moción, como hemos visto, la apelante también solicitó que se le devolvieran los sellos de suspensión del juicio del 2 de julio de 2002 porque, según dicha parte expresó en la moción, *"cualquier vista que se haya [sic] señalado en este caso, no fue notificada a este abogado suscribiente."*

El 27 de septiembre de 2002, el TPI notificó sentencia. En dicha sentencia, el TPI indicó que el 23 de agosto de 2002 no compareció la apelante ni su abogado, pero que el apelado compareció personalmente y representado por el Lcdo. Jorge Gordon Menéndez. Además, el TPI le ordenó a la apelante cancelar sellos de $40.00 y le anotó la rebeldía a la apelante indicando que *"ya que éste es el segundo señalamiento del juicio en su fondo"*. A renglón seguido, en dicha sentencia, el TPI expresó que *"la parte demandada testificó ampliamente en torno a la reconvención bajo la causal de trato cruel."* Dicho foro emitió determinaciones de hechos, conclusiones de derecho y aunque expresó que declaraba *"Con lugar la demanda"* cuando anteriormente había expresado en la sentencia que le había anotado la rebeldía a la demandante y apelante, decretó el divorcio por la causal de trato cruel.

El recurso de epígrafe fue presentado el 28 de octubre de 2002 y el alegato en oposición al mismo fue presentado el 11 de febrero de 2003.

## II

En el recurso de epígrafe, la apelante expresó únicamente el siguiente señalamiento de error:

*"Erró el Honorable Tribunal de Primera Instancia al no considerar mi moción solicitando transferencia de vista por conflicto en el calendario y cancelarme los $40.00 sellos de suspensión como sanción económica, anotarle la rebeldía a la parte demandante-apelante y al ver la vista en su fondo en ausencia de dicha parte."*

La apelante expresa en su recurso de epígrafe que ésta no recibió la notificación de vista del 2 de julio de 2002. Además, dicha parte señala que el juicio de divorcio se celebró el 23 de agosto de 2002 a pesar de que ésta había solicitado la transferencia del mismo, por tener un señalamiento previo, mediante moción del 12 de agosto de 2002.

En el recurso de epígrafe, el abogado de la apelada argumenta que el señalamiento previo del 23 de agosto de 2002 no podía ser desatendido por éste, ya que se trataba de un señalamiento anterior. Dicho letrado argumenta que su moción de transferencia de vista del 12 de agosto de 2002 debió ser declarada con lugar por el TPI. Así, es la posición de dicho abogado y de la apelante que el TPI abusó de su discreción porque no tomó en consideración su moción de transferencia de vista ni la declaró con lugar y al tomar las drásticas medidas de anotarle la rebeldía, celebrar el juicio en rebeldía y cancelar los sellos de suspensión ($40.00), razón por la cual la apelante solicita que revoquemos la sentencia de divorcio y que ordenemos un nuevo juicio.

En su alegato en oposición al recurso de epígrafe, el apelado alega que la apelante tardó demasiado tiempo en radicar su moción de transferencia de vista del 12 de agosto de 2002 (el juicio era el 23 de agosto de 2002) y que la apelante no acompañó junto con dicha moción evidencia del señalamiento previo al que aludía en la misma. Además, el apelado alega que el señalamiento del juicio para el 2 de julio de 2002 sí le fue notificado a ambas partes. Así, el argumento del apelado es básicamente que: 1) la apelante no fue diligente en el trámite de su caso porque sin justa causa no compareció al señalamiento de juicio del 2 de julio de 2002; 2) la apelante no fue diligente, ya que alegadamente solicitó tardíamente la suspensión del juicio pautado para el 23 de agosto de 2002; 3) la apelante no debió descansar en su moción de transferencia de dicho juicio, la cual fue declarada no ha lugar, y dejar de comparecer al mismo. Nótese que el apelado no discute si la moción de transferencia de juicio radicada por la apelante el 12 de agosto de 2002 (estando el juicio pautado para el 23 de agosto de 2002), era o no meritoria. El apelado dice que junto con esa moción no se acompañó evidencia de la existencia del señalamiento previo.

### III

En el caso de *Echevarría Jiménez v. Sucn. Pérez Meri*, 123 D.P.R. 664, 673-674 (1989), el Tribunal Supremo de Puerto Rico resolvió que:

*"Existe una política judicial de que los casos se ventilen en sus méritos...la desestimación de un caso, como un medio de sanción, debe ser de los **últimos recursos a utilizarse**....Planteada ante un tribunal una situación que, de acuerdo con la ley y la jurisprudencia aplicables, amerita la imposición de sanciones, **éste debe, en primer término, imponer las mismas al abogado de la parte**. Si dicha sanción disciplinaria no produce frutos positivos, procederá la imposición de la severa sanción de la desestimación de la demanda o la eliminación de las alegaciones, tan sólo después de que la parte haya sido debidamente informada y/o apercibida de la situación y de las consecuencias que puede tener que la misma no sea corregida."* (Enfasis nuestro)

Además, en el caso de *Imp. Vilca, Inc. v. Hogares Crea,, Inc.*, 118 D.P.R. 679, 687 (1987), el Tribunal Supremo de Puerto Rico resolvió que:

*"La imposición de sanciones para beneficio de las partes o del Estado, o ambos -en sus distintas modalidades-, representa la solución judicial al eterno conflicto en que se debaten dos legítimos intereses: el procesamiento rápido y económico de las controversias frente a una adjudicación justa, preferiblemente en sus méritos...la Regla 44.2 de Procedimiento Civil es fuente reglamentaria suficientemente amplia para imponerle, como abogado original de Hogares Crea, una sanción económica ascendente a $1,000 para beneficio del Estado."*

Dentro de esta misma línea de pensamiento, en el caso de *Lluch v. España Service Sta.*, 117 D.P.R. 729, 748-749 (1986), el Tribunal Supremo de Puerto Rico resolvió que: *"La Regla 44.2 de las de Procedimiento Civil de 1979 (32 L.P.R.A. Ap. III, R. 44.2) es también autóctona. Establece en su parte pertinente que el tribunal, en el ejercicio de su sana discreción, podrá imponer sanciones económicas en cualquier etapa del procedimiento a una parte y a favor del Estado por conducta constitutiva de demora, inacción, abandono, obstrucción o falta de diligencia, en perjuicio de la eficiente administración de la justicia...El propósito de esta regla es proveer al tribunal un instrumento adicional para agilizar los procedimientos y de esta manera evitar la demora y congestión en los tribunales. A iniciativa propia, éste puede imponer sanciones cuando la conducta de las partes vaya en perjuicio de la eficiente administración de la justicia."*

Como puede verse, esta jurisprudencia interpretativa del Tribunal Supremo de Puerto Rico consistentemente ha resuelto que la desestimación de una demanda y/o la anotación de rebeldía, como sanciones, únicamente pueden ser utilizados por los tribunales como último recurso no sin antes haber evaluado seriamente la posibilidad y deseabilidad de que se le imponga una sanción económica a la parte y/o a su abogado.

# IV

Aplicando la normativa antes expuesta, somos del criterio que el TPI abusó de su discreción al desestimar la demanda de la apelante, al anotarle la rebeldía, al celebrar el juicio de divorcio sin la comparecencia de la apelante y dictar sentencia en su contra. La apelante fue diligente y una vez el apelado radicó su contestación a la demanda y reconvino por la causal de adulterio, la apelante (dentro del término establecido en la Regla 10.1 de las de Procedimiento Civil) radicó su réplica negando enfáticamente las alegaciones de la reconvención. Por tanto, es evidente que la apelante deseaba tener su día en corte para probar sus alegaciones de trato cruel contra el apelado y refutar las alegaciones de adulterio hechas por este último.

Del expediente de este caso surge que el reseñalamiento del juicio de divorcio para el 2 de julio de 2002 sí fue notificado al abogado de la apelante. Ello surge de la orden notificada el 10 de junio de 2002. Como se ha visto, éste era el primer reseñalamiento del juicio y no fue cuestionado por el apelado. El mismo ocurrió por motivo de un conflicto en el calendario del abogado de la apelante debido a la existencia de un señalamiento previo (véase su moción del 22 de mayo de 2002). Sin embargo, el abogado de la apelante alega que él no recibió la notificación del reseñalamiento, a pesar de que el mismo está contenido en la orden del 10 de junio de 2002 en la cual se indica que la misma fue notificada a los abogados de ambas partes.

No es necesario que determinemos si la incomparecencia de la apelante al juicio del 2 de julio de 2002 estuvo o no justificada. Ello es así porque aun asumiendo para fines de argumentación que no los estuviera, a tenor con la normativa antes citada, ello no reflejaba desinterés de la apelante en su demanda y en su réplica a la reconvención. Por el contrario, como se ha visto, la apelante radicó mociones el 12 de agosto de 2002 en la cuales insistió en que ésta quería que se celebrara el juicio y, alegando que su abogado tenía un señalamiento previo para el día en que se reseñaló dicho juicio (23 de agosto de 2002), solicitó su transferencia sugiriendo tres (3) fechas alternas. Por tanto, no vemos ningún indicio de que la apelante no tuviera interés en su día en corte y que se celebrara el juicio, y mucho menos vemos patrón alguno de conducta imputable a dicha parte ni su abogado que causara alguna dilación irrazonable en el caso.

Como se ha visto, la moción de transferencia del juicio pautado para el 23 de agosto de 2002 radicada por la apelante el 12 de agosto de 2002, fue declarada no ha lugar mediante orden notificada el día antes del juicio, 22 de agosto de 2002. Aunque el abogado de la apelante no indica en su recurso de epígrafe si éste había recibido esa orden, es claro que éste no podía descansar en su moción de transferencia del juicio radicada el 12 de agosto de 2002 y suponer que el mismo sería suspendido. Véase el caso de *Otero Fernández v. Alguacil,* 116 D.P.R. 733, 746 (1985), en el cual el Tribunal Supremo de Puerto Rico resolvió que:

*"...la suspensión del señalamiento de vista es un atributo del tribunal, no del abogado,...El licenciado Amorós no podía meramente confiar en que por el sólo hecho de haber presentado una moción de suspensión, la vista quedaría automáticamente suspendida."*

Sin embargo, nótese que en su moción de transferencia de vista del 12 de agosto de 2002, el abogado de la apelante indicó que su señalamiento previo que confligía con el juicio del 23 de agosto de 2002 había sido notificado por vía telefónica. A tenor con ello, resolvemos que el TPI abusó de su discreción al declarar no ha lugar dicha moción de transferencia de vista y notificar esa determinación el día antes del juicio. Dicho foro, al menos debió solicitarle al abogado de la apelante que acreditara de manera fehaciente la existencia previa de ese señalamiento y dicho requerimiento el TPI lo debió haber hecho a dicho letrado mucho antes del 22 de agosto de 2002. Por tal razón entendemos que el TPI abusó de su discreción al no denegar la transferencia del juicio y notificar esa determinación el día antes del mismo. Dicho foro, en aras de proteger los intereses de la apelante, quien evidentemente tenía sumo interés de tener su día en corte, debió suspender el juicio, reseñalarlo para una fecha posterior y determinar, como medida intermedia y apropiada, dilucidar a base de un requerimiento de prueba fehaciente del señalamiento previo del abogado de la apelante, si procedía o no su solicitud de transferencia del juicio y de no proceder, imponerle una sanción económica a dicho letrado.

A tenor con lo anterior, resolvemos que el error imputado al TPI en el recurso de epígrafe al TPI fue cometido.

## V

Por los fundamentos expuestos anteriormente, se revoca la sentencia notificada por el TPI en el caso de epígrafe el 27 de septiembre de 2002, se deja sin efecto la anotación de rebeldía hecha a la apelante y se devuelve el caso a dicho foro para que celebre un nuevo juicio. Antes de la celebración de dicho juicio, el TPI deberá determinar, a base de escritos de las partes y/o en una vista argumentativa, si procede o no la imposición de una sanción económica al abogado de la apelante en torno a su moción de transferencia de juicio radicada el 12 de agosto de 2002 y su incomparecencia al juicio del 23 de agosto de 2002.

Así lo acordó y manda el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General