Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V

| ABISAÍ GONZÁLEZ RUIZ Y OTROS<br><br>Recurridos<br><br>v.<br><br>MUNICIPIO AUTÓNOMO DE CATAÑO Y OTROS<br><br>Peticionarios | TA2025CE00214 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Cataño<br><br>Caso Núm. CT2023CV00130<br><br>Sobre:<br>Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Cruz Hiraldo y el Juez Sánchez Báez

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 20 de octubre de 2025.

Comparece ante nos la parte peticionaria, Municipio Autónomo de Cataño (en adelante, parte peticionaria o Municipio), y solicita la revisión de la *Resolución Interlocutoria* emitida y notificada por el Tribunal de Primera Instancia, Sala de Cataño, el 20 de junio de 2025. En la misma, el Foro Primario declaró *No Ha Lugar* a una *Moción de Desestimación* solicitada por la parte peticionaria.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

### I

El 25 de marzo de 2024, la parte recurrida, Abisaí González Ruiz y Tania Rosado Molina en representación de su hija menor de edad, Thaysmia Nicole González Rosado (en adelante y en conjunto, parte recurrida) presentaron una *Primera Demanda Enmendada* por daños y perjuicios, en contra del Municipio Autónomo de Cataño, Compañía de Seguros "A", M & M Amusement Park, Inc., Compañía

de Seguros "B", Poche Promotions, Inc. y Compañía de Seguros "C".[1] En síntesis, la parte recurrida adujo que, el 21 de julio de 2018 había asistido a las fiestas patronales del Municipio de Cataño. Según expresó, la menor abordó una atracción mecánica para niños, acompañada de su madre. Alegó que, una vez se activó el mecanismo de la machina, la menor salió expulsada de su asiento cayendo estrepitosamente sobre el suelo. La parte recurrida planteó que el Municipio era responsable por haber promovido y auspiciado las fiestas patronales, así como por ser el dueño y tener bajo su control, cuidado y mantenimiento del lugar donde ocurrió el accidente. Además, arguyó que el Ayuntamiento debía responder por haber contratado a Poche Promotions, Inc., quien había autorizado a operar la maquinaria que causó el alegado accidente.

Como consecuencia del accidente, la parte recurrida alegó que la menor sufrió daño cerebral y traumas en su cuerpo. Por igual, sostuvo que la menor, luego de los acontecimientos, presentó problemas del habla, aprendizaje y concentración. A tenor con sus alegaciones, la parte recurrida solicitó que la parte peticionaria, junto a los demás codemandados, le indemnizaran con una suma no menor de setenta y cinco mil dólares ($75,000.00), más una suma no menor de veinticinco mil dólares ($25,000.00) por concepto de angustias mentales y morales.

El 24 de mayo de 2024, el Municipio presentó *Contestación a Primera Demanda Enmendada.*[2] En la misma, planteó que no era dueño de la maquinaria que ocasionó el alegado daño. Entre otras cosas, también alegó que había contratado a Poche Promotions, Inc. y que el contrato suscrito con este lo había liberado de toda responsabilidad de cualquier daño o perjuicio que pudiera sufrir un tercero como resultado de los servicios contratados.

---

[1] Apéndice del recurso, entrada núm. 24, págs. 1-9.
[2] *Íd.*, entrada núm. 31, págs. 1-10.

Tras varios asuntos procesales impertinentes a la controversia que nos ocupa, el 21 de abril de 2025 la parte peticionaria presentó *Moción en Solicitud de Desestimación Respecto al Municipio de Cataño y de Eliminación de Parte Bajo la Regla 18 de Procedimiento Civil.*[3] En la misma, adujo que contrató los servicios de Poche Promotions, Inc. para el montaje de artefactos, máquinas de diversiones, kioskos y picas, para llevar a cabo la celebración de las fiestas patronales del Ayuntamiento. Planteó que los recurridos habían reconocido en la demanda de epígrafe, que el accidente se debió única y exclusivamente a la negligencia de los codemandados Poche Promotions, Inc. y M & M Amusement Park, Inc. A su vez, argumentó que el contrato suscrito entre la parte peticionaria y Poche Promotions, Inc. liberaba expresamente de responsabilidad al Municipio sobre los daños que pudiese sufrir un tercero, como resultado del desempeño de los servicios contratados. El Municipio también arguyó que nuestro más Alto Foro había establecido que la obligación de un promotor o empresario de espectáculo, como el envuelto en el presente caso, se limitaba a "proporcionar un sitio seguro a los espectadores para presenciar dicho espectáculo y seleccionar una persona diestra para ello".[4] Finalmente sostuvo que la parte recurrida no estableció en la demanda el nexo causal entre el Municipio y el alegado accidente. Así, la parte peticionaria solicitó al Foro Primario la desestimación de la reclamación en su contra bajo el inciso (5) de la Regla 10.2 y la Regla 18 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V.

En respuesta, el 25 de abril de 2025 la parte recurrida presentó su *Oposición a Moción de Desestimación.*[5] En esencia, sobre el aludido contrato entre el Municipio y Poche Promotions, Inc.,

---

[3] *Íd.*, entrada núm. 63, págs. 1-10.
[4] *Íd.*, entrada núm. 63, pág. 9.
[5] *Íd.*, entrada núm. 70, págs. 1-7.

adujo que era un principio estatutario que los contratos surten efectos entre las partes que los otorgan y sus herederos. Por otra parte, en cuanto a la responsabilidad vicaria, expuso que era de conocimiento general que las máquinas de diversiones frecuentemente producen accidentes, por lo cual, la operación de las mismas constituía un peligro especial, lo cual le imponía al Municipio un deber de vigilancia en una actividad que envolvía un riesgo especial, obligación que calificó como incumplida. Por ello, arguyó que no procedía la desestimación de la demanda solicitada por la parte peticionaria.

Posteriormente, el 16 de mayo de 2025 la parte peticionaria presentó *Réplica a "Oposición a Moción de Desestimación"*.[6] En la misma, referente al asunto de responsabilidad vicaria por las actuaciones u omisiones de un contratista, planteó que los hechos del caso ante nuestra consideración eran similares a los contenidos en *Bonet v. Municipio de Barceloneta*, 87 DPR 81 (1963). En el precitado caso, nuestro más Alto Foro estableció que se requiere que el patrono anticipe la actuación negligente del contratista con respecto a todos los riesgos que son inherentes en la ejecución natural y usual del trabajo, dentro de circunstancias específicas que concurran, mas no la actuación negligente o descuidada en los detalles de la ejecución que usualmente se espera se realicen con la debida circunspección. A tenor con lo allí establecido, el Tribunal Supremo especificó que la obligación de un municipio como empresario o promotor de un espectáculo, cuando se trate de quema de fuegos artificiales, se limitaba a proporcionar un sitio seguro a los espectadores para presenciar el espectáculo y seleccionar una persona diestra para ello. Así, la parte peticionaria planteó que no

---

[6] *Íd.*, entrada núm. 75, págs. 1-10.

era responsable por las actuaciones de Poche Promotions, Inc. y/o M & M Amusement Park, Inc.

En reacción, el 20 de mayo de 2025 la parte recurrida presentó *Dúplica a Réplica a Oposición a Moción de Desestimación*.[7] En esencia, sostuvo que hubo falta de vigilancia en las fiestas patronales, actividad que alegó envolvía riesgos especiales y peculiares. Reiteró, además, que los contratos solo producían efectos entre las partes que los otorgan y que no afectaban a terceros. Por tanto, esbozó que por ser el Municipio el contratista principal, respondía vicariamente junto a Poche Promotions, Inc., por la alegada negligencia cometida por M & M Amusement Park, Inc.

Evaluadas las posturas de las partes, el 20 de junio de 2025 el Tribunal de Primera Instancia emitió la *Resolución* recurrida.[8] Mediante esta, el Foro Primario concluyó que, acorde a la norma establecida en *Colón Muñoz v. Lotería de Puerto Rico*, 167 DPR 625, 649 (2006), una demanda no deberá desestimarse a menos que se demostrara que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar. Por ello, concluyó que procedía la celebración de un juicio en el cual le permitiese a la parte recurrida evidenciar la negligencia imputada y los alegados daños sufridos. Consecuentemente, el Foro *a quo* declaró *No Ha Lugar* la solicitud de desestimación.

Inconforme, y tras denegada una previa solicitud de reconsideración, el 29 de julio de 2025 la parte peticionaria presentó un recurso de *Certiorari* ante nos, y señala el siguiente error:

> Erró, contrario a derecho, y abusó de su discreción el Tribunal de Primera Instancia, Sala Superior de Cataño, al declarar No Ha Lugar la *Solicitud de Desestimación* del Municipio de Cataño, toda vez que la demanda no aduce hechos constitutivos de una

---

[7] *Íd.*, entrada núm. 77, págs. 1-10.
[8] *Íd.*, entrada núm. 82, págs. 1-2.

causa de acción que amerite la concesión de un remedio en contra el Municipio y la decisión del TPI es contraria a décadas de pronunciamientos de nuestro más Alto Foro sobre el derecho aplicable a la Responsabilidad Civil Extracontractual de empleadores/contratantes/comitentes que son promotores de un espectáculo.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

**II**

**A**

Sabido es, que el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, págs. 68-69, 215 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario

y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**B**

Por otra parte, la Regla 10.2(5) de Procedimiento Civil, *supra*, provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1149 (2024); *Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109, 1128 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823, 833 (2024). Ahora bien, nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). Considerando eso, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.*, 118 DPR 679, 686-687 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG Sierra v. Rodríguez*, 163 DPR 738, 746 (2005).

En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos

incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Díaz Vázquez et al. v. Colón Peña et al.,* supra, pág. 1149; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833; *Costas Elena v. Magic Sport,* 213 DPR 523, 533 (2024*); Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, pág. 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR*, 137 DPR 497, 504-505 (1994). De igual forma, la demanda deberá ser interpretada con mayor liberalidad a favor de las alegaciones de la parte demandante, por lo que, recayendo la carga probatoria en el promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo de los hechos que puedan ser probados en apoyo a su requerimiento. *Inmob. Baleares et al. v. Benabe et al.,* supra, págs. 1128-1129; *Dorante v. Wrangler of PR*, 145 DPR 408, 414 (1998). En este supuesto, la función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para constituir una reclamación válida. *Blassino, Reyes v. Reyes Blassino.,* supra, págs. 833-834; *Pressure Vessels PR v. Empire Gas PR,* supra, pág. 505.

**III**

En el caso ante nos, la parte peticionaria alegó que el Tribunal de Primera Instancia incidió al no desestimar la causa de acción a pesar de que no existe una concesión de un remedio en su contra. A su juicio, la decisión del Foro es contraria a pronunciamientos de nuestro más Alto Foro sobre la responsabilidad civil extracontractual de empleadores, contratantes o comitentes que son promotores de un espectáculo.

En específico, la parte peticionaria adujo que los hechos del presente caso eran parecidos al caso de *Bonet v. Municipio de*

*Barceloneta,* supra. Sin embargo, en *López v. Gobierno Mun. de Cataño,* 131 DPR 694, 705 (1992) nuestro más Alto Foro explícitamente, expresó que se había abandonado la norma establecida en *Bonet v. Municipio de Barceloneta,* supra, y manifestó que desde la nueva doctrina adoptada en *Martínez v. Chase Manhatthan Bank,* 108 DPR 515 (1979) "las personas que directa o indirectamente contratan a un contratista independiente serán responsables solidariamente del daño que por su negligencia éste causare en la ejecución del trabajo, si dicho daño fuera un riesgo previsible para el contratante". *López v. Gobierno Mun. de Cataño,* supra, pág. 705. Siendo así, está más que claro que la norma en la que la parte peticionaria sustenta su postura, no se encuentra vigente.

Así pues, tras evaluar el expediente ante nuestra consideración, no identificamos fundamento jurídico alguno que justifique revocar la determinación impugnada. El Foro Primario ejerció de manera adecuada la discreción que le confiere nuestro estado de derecho, por lo que no incurrió en error manifiesto que amerite nuestra intervención. Por tanto, es nuestra apreciación que no se configura ninguna excepción que nos permita apartarnos de la norma de abstención judicial. Por ende, al amparo de lo dispuesto en la Regla 40 de nuestro Reglamento, *supra,* resolvemos no expedir el auto que nos ocupa.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones