Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| JORGE JAVIER MARRERO GERENA<br><br>Recurrida<br><br>v.<br><br>INTEGRATED CENTRAL STATION, INC. Y OTROS<br><br>Peticionaria | KLCE202300858 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Carolina<br><br>Sobre: Injunction (Entredicho Provisional, Injunction Preliminar y Permanente), Cobro de Dinero – Ordinario, Daños<br><br>Caso Número: CA2023CV01348 |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Grana Martínez y el Juez Pérez Ocasio

Domínguez Irizarry, jueza ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de octubre de 2023.

Las peticionarias, Integrated Central Station, Inc (Integrated); y la señora Celimar Collazo (señora Collazo), comparecen ante nos y solicitan nuestra intervención para que dejemos sin efecto la determinación emitida y notificada por el Tribunal de Primera Instancia, Sala de Carolina, el 23 de junio de 2023. Mediante la misma, el foro primario declaró *No Ha Lugar* la *Moción de Desestimación por Falta de Jurisdicción,* promovida por las peticionarias.

Por los fundamentos que expondremos a continuación, se deniega la expedición del presente auto.

**I**

El 28 de abril de 2023, la parte recurrida, compuesta por el Sr. Jorge Javier Marrero, representado por su apoderado, el Sr. Edgardo Dávila, y el Sr. Louis Rodríguez radicaron la demanda de

epígrafe. En el pliego, se solicitó una acción derivativa, un cobro de dinero y daños y perjuicios, por el incumplimiento con las obligaciones de la señora Collazo, como miembro de la Junta de Directores de Integrated. Además, se solicitó un *injunction* preliminar y permanente mediante el cual se peticionó:(1) orden para que se provea para el examen de registro de cuentas, resoluciones y libros corporativos de Integrated; (2) orden para detener operaciones de la Corporación hasta que se designe Administrador Judicial o Síndico; y (3) orden para la elección de una nueva directiva.

Según se alegó en la demanda, el señor Marrero fue uno de los accionistas incorporadores y era el accionista mayoritario de Integrated, entidad que se dedica a monitoreo de sistema de seguridad residencial y comercial. Se indicó que, el señor Marrero era quien estaba mayormente ocupándose de la referida corporación, no obstante, por razones que no describió, señaló se encontraba ausente.

Con relación a la acción derivativa, los recurridos señalaron que advinieron en conocimiento de actos ilegales y fraudulentos dirigidos por la señora Collazo, los cuales habían puesto en riesgo la Corporación. Específicamente, alegaron que la señora Collazo liquidó cuentas y trasladó clientes e ingresos a otras cuentas y omitió pagos para su propio beneficio, en contra de los mejores intereses y objetivos de Integrated. Además, se arguyó que la señora Collazo se había autoproclamado Presidenta y Tesorera de la Corporación.

Sobre la acción de cobro de dinero, se detalló que, mediante un acuerdo entre accionistas, el señor Marrero y la señora Collazo habían designado como oficial al señor Rodríguez para ser representante de Integrated y acordaron pagarle dos mil ochocientos ochenta dólares ($2,880.00) semanales, más ochocientos dólares ($800.00) mensuales por concepto de *car allowance*. No obstante,

sostuvieron que no se había cumplido con lo acordado, toda vez que, la señora Collazo tomó la decisión de no pagarle al señor Rodríguez las sumas pactadas.

En virtud de las alegaciones esbozadas, peticionaron al foro de origen la cuantía $91,300.00, en concepto de salarios dejados de percibir por el señor Rodríguez y el pago de $25,000.00 por los daños sufridos por el señor Rodríguez, al no tener los recursos económicos disponibles para satisfacer sus compromisos económicos y al obstaculizar el ejercicio de sus funciones como oficial. Además, solicitaron la imposición de costas, gastos y honorarios de abogado.

Así las cosas, el 18 de mayo de 2023 las peticionarias presentaron una *Moción de Desestimación por Falta de Jurisdicción.* En síntesis, alegaron que la reclamación de los recurridos no se podía dilucidar ante el Tribunal General de Justicia, dado que, sus tres causas de acción estaban relacionadas a la impugnación de un *Acuerdo de Creación de Negocio Común (Acuerdo)*, suscrito el 8 de octubre de 2019, el cual contenía una cláusula de arbitraje compulsoria. Según alegaron, en el referido *Acuerdo* los contratantes se obligaban a ventilar mediante el procedimiento de arbitraje, cualquier disputa sobre la interpretación, validez, cumplimiento o terminación del contrato, cuyo objeto fue crear una nueva compañía denominada Alpha One Monitoring Inc. Detallaron que el aludido *Acuerdo* fue suscrito por los siguientes; el señor Rodríguez, como testaferro del señor Marrero; Global 10 Inc., representada por la señora Collazo; R & S Investments, Inc., representada por el señor Severino Mercedes de Jesús; y Kingdom LLC, representada por el señor Edgar Semper. Particularizaron que el objeto del *Acuerdo* era, presuntamente, distribuir el capital corporativo de Integrated y crear la nueva compañía, Alpha One Monitoring.

Así pues, adujeron que la estipulación sobre arbitraje obligaba al señor Marrero, toda vez que, consintió al *Acuerdo*, por medio de su representante, el señor Rodríguez. En la alternativa, alegaron que el señor Marrero había ratificado el referido contrato, mediante actos expresos e implícitos, incluyendo la obtención de beneficios. Siendo así, argumentaron que el foro primario no tenía la autoridad para entrar en los méritos de la demanda de epígrafe, toda vez que, las causas de acción de los recurridos versaban sobre el *Acuerdo*. Por tanto, solicitaron al Tribunal de Primera Instancia que desestimara la demanda sin perjuicio por falta de jurisdicción sobre la materia, conforme la Regla 10.2 de Procedimiento Civil, 32 LPRA V, R.10.2, y ordenara a las partes a dilucidar sus reclamos mediante arbitraje ante la American Arbitration Association.

Luego de varias incidencias procesales que no son necesarias de pormenorizar, el 13 de junio de 2023, los recurridos presentaron *Oposición a Moción de Desestimación por Falta de Jurisdicción y Solicitud de Orden Protectora*. En lo pertinente, los recurridos adujeron que no procedía la desestimación solicitada, dado a que no aplicaba la cláusula invocada. Especificaron que el *Acuerdo* aludido es un pacto distinto, separado e impertinente al caso de autos. Resaltaron que, entre el referido negocio jurídico y la controversia de epígrafe, no existe identidad de partes. Detallaron el hecho de que el señor Rodríguez suscribió el referido contrato en su carácter personal y no en representación del señor Marrero. Además, señalaron que Integrated no fue parte del contrato, así como tampoco, el señor Marrero. Así, solicitaron al foro primario que declarara *Ha Lugar* la oposición y peticionaron que se señalara una vista urgente.

Luego de evaluadas las posturas de las partes, el 23 de junio de 2023, el Tribunal de Primera Instancia notificó la *Resolución* recurrida. Mediante la misma, el foro primario declaró *No Ha Lugar*

la *Moción de Desestimación por falta de Jurisdicción,* presentada por las peticionarias. El tribunal de origen se fundamentó en que la demanda de epígrafe versa sobre las actuaciones de las peticionarias en la administración y operación de un negocio corporativo y no sobre el *Acuerdo,* en el cual no fueron suscribientes todas las partes de la reclamación de autos.

Luego de examinada una *Moción de Reconsideración,* presentada oportunamente por las peticionarias el 5 de julio de 2023, el Juzgador denegó el petitorio mediante *Resolución,* notificada el 7 de julio de 2023.

Aun inconformes, el 4 de agosto de 2023, las peticionarias, acudieron ante nos mediante el recurso de *certiorari* que nos ocupa. En el recurso formularon el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TPI AL DENEGAR MOCIÓN DE DESESTIMACIÓN POR FALTA DE JURISDICCIÓN CUANDO LA CONTROVERSIA TRABADA ES OBJETO DE ARBRITRAJE COMPULSORIO.

Junto al recurso de *certiorari,* las peticionarias acompañaron una *Moción en Auxilio de Jurisdicción Solicitando Paralización por Falta de Jurisdicción sobre la Materia: Arbitraje Compulsorio.* Tras evaluar el escrito, ese mismo día emitimos una *Resolución* en la que declaramos *No Ha Lugar* la solicitud de paralización incoada y le concedimos a los recurridos un término para presentar su oposición a la expedición del auto solicitado.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

**II**

**A**

Nuestro ordenamiento procesal civil, permite a un demandado presentar tres (3) diferentes mociones antes de radicar una contestación a la demanda. Las referidas mociones son las siguientes: (1) moción de desestimación; (2) moción para solicitar

una exposición más definida; y (3) moción eliminatoria. 32 LPRA Ap. V, R. 10.2, R. 10.5, R. 10.6; *Conde Cruz v. Resto Rodríguez et al.*, 205 DPR 1043, 1065 (2020).

En cuanto a la moción de desestimación, la Regla 10.2 de Procedimiento Civil, expone seis (6) fundamentos en los que se puede sustentar su presentación. Estos son: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) dejar de exponer una reclamación que justifique la concesión de un remedio; (6) dejar de acumular una parte indispensable. 32 LPRA Ap. V, R. 10.2.

Es meritorio resaltar que, al evaluar una moción de desestimación los tribunales deben tomar como ciertos todos los hechos bien alegados en la demanda y examinarlos de la forma más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015). De este modo, la desestimación procede, si mediante el análisis de las alegaciones el demandante no tiene derecho a remedio alguno. *Íd.* La razón de ello, se fundamenta en que nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863 (2005). Es así como el empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.*, 132 DPR 1042, 1052 (1993). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *S.L.G. Sierra v. Rodríguez*, 163 DPR 738, 746 (2005); *Maldonado v. Srio. de Rec. Naturales*, 113 DPR 494, 498 (1982). En este contexto, la

posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Crea, Inc.,* 118 DPR 679, 686 (1987).

**B**

El recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera Gómez y otros v. Arcos Dorados Puerto Rico, Inc. y otros,* 2023 TSPR 65, 212 DPR ___ (2023); *Mcneil Healthcase v. Mun. Las Piedras I,* 206 DPR 391, 403 (2021); 800 *Ponce de León v. AIG,* 205 DPR 163, 174 (2020); *IG Builders et al. v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari,* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra, a la pág. 174; *Rivera Figueroa v. Joe's European Shop,* 183 DPR 580, 593 (2011); *Pueblo v. Díaz de León,* 176 DPR 913, 917 (2009); *García v. Padró,* 165 DPR 324, 334 (2005). No obstante, "[e]l examen que hace el tribunal apelativo, previo a expedir un *certiorari,* no se da en el vacío ni en ausencia de otros parámetros." *800 Ponce de León v. AIG,* supra, a la pág. 176*; IG Builders et al. v. BBVAPR,* supra, a la pág. 338.

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí, la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003); *Vives Vázquez v. E.L.A.,* 142 DPR 117, 141 (1987).

Así, los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o en error manifiesto". *Citibank et al v. ACBI et al.*, 200 DPR 724, 736 (2018). La discreción es el más poderoso instrumento reservado al juzgador. *Rodríguez v. Pérez,* 161 DPR 637, 651 (2004). Al precisar su alcance, el estado de derecho lo define como la autoridad judicial para decidir entre uno o varios cursos de acción, sin que ello signifique abstraerse del resto del derecho. *Citibank et al v. ACBI et al.*, supra. Su más adecuado ejercicio está inexorablemente atado al concepto de la razonabilidad, de modo que el discernimiento judicial empleado redunde en una conclusión justiciera. *Citibank et al v. ACBI et al.*, supra, a la pág. 735; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016); *García v. Asociación,* 165 DPR 311, 321 (2005). En consecuencia, la doctrina establece que un tribunal incurre "en abuso de discreción cuando el juez: ignora sin fundamento algún hecho material; cuando [el juez] le concede demasiado peso a un hecho inmaterial y funda su decisión principalmente en ese hecho irrelevante, o cuando éste, a pesar de examinar todos los hechos del caso, hace un análisis liviano y la determinación resulta irrazonable". *Citibank et al v. ACBI et al.*, supra, pág. 736.

**III**

En esencia, las peticionarias plantean que incidió el Tribunal de Primera Instancia al denegar la moción de desestimación que habían presentado, toda vez que, sostienen que el Tribunal General de Justicia no tiene jurisdicción para entender sobre la reclamación de autos por ésta ser objeto de una cláusula de arbitraje compulsorio.

Luego de evaluar los documentos que obran ante nos, determinamos que no existen criterios legales que nos lleven a intervenir con la *Resolución* recurrida. En consecuencia, denegamos la expedición del auto solicitado.

Al examinar el *Acuerdo* aludido, es de notar que no existe identidad de partes entre los que se obligaron contractualmente y los litigantes de la reclamación de epígrafe. Por tanto, se legitima la actuación del foro primario de permitir la continuación de los procedimientos, dado que, en la controversia de epígrafe litigan partes distintas a los sujetas a la cláusula de arbitraje en cuestión.

Así pues, tomando en consideración la relación fáctica expuesta, y acorde con el ejercicio adecuado de nuestra facultad discrecional, nada nos sugiere que el Tribunal de Primera Instancia haya incurrido en error de derecho o en abuso de la discreción que le asiste. Por tanto, no se desprende razón jurídica alguna para intervenir y sustituir el criterio utilizado por el tribunal primario al emitir su determinación. Siendo así, denegamos expedir el auto solicitado.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones. La Juez Grana Martínez concurre sin opinión escrita.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones