Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel Especial

| | | |
|---|---|---|
| CARLOS JAVIER GARCÍA MORALES Y OTROS<br>Recurridos<br><br>v.<br><br>CARIBBEAN SCHOOL, INC.<br>Peticionario | KLCE202300727 | Certiorari procedente del Tribunal de Primera Instancia, Sala de Ponce<br><br>Caso Núm. PO2020CV01173<br><br>Sobre:<br>Injunction, Entredicho Provisional, Injunction Preliminar y Permanente, Sentencia Declaratoria, Daños |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Adames Soto, la Jueza Mateu Meléndez y el Juez Marrero Guerrero

Adames Soto, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 16 de noviembre de 2023.

Comparece Caribbean School, Inc. (el Colegio o peticionario), solicitando que revoquemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, (TPI), el 30 de mayo de 2023. Mediante su dictamen, el foro primario declaró No Ha Lugar la *Moción Para Solicitar Relevo de Sentencia y que se Deje Sin Efecto la Rebeldía* promovida por el peticionario.

Contrario a tal decisión, el Colegio juzga que procedía que se le relevara de la anotación en rebeldía, aduciendo que tal acción no estaba justificada. No nos persuade, denegamos expedir el recurso solicitado.

NÚMERO IDENTIFICADOR

RES2023_____

## I. Resumen del tracto procesal pertinente

El 12 de agosto de 2020, Carlos Javier García Morales, (el recurrido), Jessica Denice Luna Diou, y sus hijos, los menores Natalia Beatriz, Carlos Juan y Carlos Felipe, todos de apellidos García Luna, (en conjunto, los recurridos), presentaron una *Demanda* contra el Colegio sobre *Interdicto Preliminar y Permanente, Sentencia Declaratoria y Daños y Perjuicios*. Según fue allí alegado, adujeron que los menores mencionados llevaban años cursando estudios en el Colegio y, para mayo de 2020, sus padres recibieron el contrato de la matrícula para el año escolar 2020-2021. Entre las cláusulas incluidas en dicho contrato, se confería autorización para que el Colegio utilizara las imágenes de los estudiantes en actividades de la institución, y otra que contenía un relevo de responsabilidad en favor del primero, en caso de los menores participar de alguna actividad en la que resultaran lesionados. El padre de los menores hizo unas anotaciones a dicho contrato, objetando el uso de las imágenes y el relevo de responsabilidad, luego de lo cual, procedió a firmarlo y entregarlo al Colegio, junto al pago correspondiente.

Continuaron alegando los recurridos que, no obstante haber realizado el pago correspondiente para el nuevo curso escolar y este ser aceptado, el 5 de agosto de 2020, recibieron una comunicación del Colegio, informándoles que el contrato suscrito no permitía enmiendas, **por lo que los menores quedaban fuera de la institución**.[1] En las subsiguientes alegaciones se identificaron los presuntos daños sufridos por los recurridos por causa de tal determinación del Colegio.

A raíz de la presentación de la acción descrita, el TPI celebró una vista de interdicto preliminar y permanente el 17 de agosto de 2020, a la que comparecieron los recurridos junto a su representación legal, y el Colegio también acudió, acompañado de abogado. Como resultado, el TPI

---

[1] Las alegaciones relativas a la perfección o no del contrato entre las partes fueron atendidas en el KLAN202200614 y por ello no las reproduciremos aquí.

emitió una *Orden de entredicho provisional* en protección de las menores, con vigencia de diez (10) días. Según allí se dispuso, se le ordenó al Colegio que permitiera a los menores comenzar las clases de forma virtual. Junto a esto, el foro recurrido señaló una vista para ser celebrada el 25 de agosto de 2020.

Inconforme, el 19 de agosto de 2020, el Colegio radicó una *Moción sobre Reconsideración Desestimación de Interdicto Preliminar, Permanente, Sentencia Declaratoria y Daños y Perjuicios*. Solicitó al TPI que dejara sin efecto el *Interdicto Preliminar* de diez (10) días emitido en su contra, y desestimara la demanda.

En respuesta, el 24 de agosto de 2020, el TPI emitió una *Resolución* indicando que se discutirían los argumentos esgrimidos en la referida solicitud del Colegio, en una vista pautada para el día siguiente.

En efecto, el 25 de agosto de 2020, comparecieron los recurridos con su representación legal, y de igual manera el Colegio con su abogado. Las partes informaron la posibilidad de resolver el caso mediante un contrato de transacción. El foro primario pautó una *Continuación a vista* a ser celebrada el 22 de febrero de 2021.

A la *Continuación de vista* aludida comparecieron los recurridos, junto a su representación legal, y el Colegio también con la suya. El abogado de los recurridos informó al TPI que habían llegado a una estipulación, a los fines de que los menores permanecieran en el Colegio, hasta culminar el grado en curso, acuerdo que ponía fin al remedio interdictal. Concluida esta vista, el TPI emitió *Órdenes* a las partes en las que, en lo pertinente: (1) le concedió un término de veinte (20) días a los recurridos para enmendar la *Demanda* y*;* (2) **le concedió un término de veinte (20) días al Colegio para que contestara la demanda** y notificara si se disponía a enmendar la moción de desestimación. Además*,* dispuso para que notificara la estipulación anunciada en

cuanto al *Injunction,* en quince (15) días, y ordenó la conversión del caso a uno por la vía ordinaria, para continuar con la causa restante sobre daños y perjuicios.[2]

En cumplimiento con lo ordenado, los recurridos presentaron *Demanda Enmendada* el 12 de marzo de 2021. Reiteraron en esta que entre las partes existía un contrato válido que no podía ser resuelto unilateralmente por el Colegio, y que la cancelación injustificada del mismo les ocasionó daños.

Transcurrido en exceso el término dispuesto por el foro primario para que el Colegio presentara la contestación a demanda, sin expresión alguna de su parte, el 20 de mayo de 2021, los recurridos presentaron una ***Moción Suplicando Orden a la Parte Demandada so Pena de Anotación de Rebeldía.***[3] Adujeron que el Colegio había hecho caso omiso a la *Orden* del TPI, en la que le concedió veinte (20) días para presentar contestación a demanda, a pesar de los recurridos haber instado *Demanda enmendada,* según se les requirió. Adujeron que, en deferencia al compañero abogado, (no hacia el Colegio), estaban solicitando que el foro primario ordenara al Colegio a contestar la *Demanda* en un término de cinco (5) días.

En consonancia, al día siguiente, **el TPI ordenó al Colegio que presentara la contestación a la demanda enmendada en el <u>término perentorio</u> de diez (10) días, <u>so pena de la anotación de rebeldía</u>**.

Una vez más, pasado el término perentorio de diez (10) días concedido por el foro primario para que el Colegio contestara la demanda, **sin que este respondiera de forma alguna**, el 8 de junio de 2021, los recurridos instaron *Moción en solicitud de remedio.*[4] En esta, esgrimieron que, pasados más de ochenta y ocho (88) días de presentada

---

[2] Apéndice 6 del recurso de apelación, pág. 34.
[3] Apéndice 11 del *escrito en oposición a expedición de certiorari*, págs. 103-104.
[4] *Íd*, anejo 13, págs. 107-108.

la *Demanda*, el Colegio todavía no la había contestado, aun cuando fue expresamente advertido en varias ocasiones de que el incumplimiento tendría como consecuencia la anotación de la rebeldía. En consecuencia, los recurridos solicitaron que se le anotara la rebeldía al Colegio.

Luego de las incidencias procesales narradas, **el 10 de junio de 2021**, el tribunal *a quo* emitió *Orden* disponiendo, ***Se anota la rebeldía a la parte demandada***. Surge de la notificación de dicha *Orden* que el Colegio fue incluido allí como parte notificada, además de su abogado.[5]

El 5 de noviembre de 2021 fue celebrada *Conferencia sobre el estado de los procedimientos*, a la que solo asistieron los recurridos, junto a su representación legal, no así el Colegio. En la vista celebrada el foro primario realizó un recuento de las incidencias procesales hasta ese momento ocurridas, haciendo hincapié en que se habían corroborado las notificaciones de las distintas vistas y Resoluciones al abogado del Colegio, y a este como parte, sin que comparecieran.

Señalada la *Conferencia con Antelación a Juicio* para el 22 de febrero de 2022, el Colegio no compareció. Surge de la *Minuta* que las notificaciones de los procesos les habían sido enviadas tanto al Colegio, como a su representante legal, sin que respondieran a las órdenes del Tribunal.

Transcurridos varios meses, el 12 de abril de 2022, los recurridos instaron *Moción solicitando sentencia parcial en rebeldía*. Esgrimieron que la notificación al Colegio sobre la anotación de rebeldía había sido oportuna y adecuada, sin embargo, este decidió hacer caso omiso a ello. Además, argumentaron *in extenso* sobre las razones por las cuales juzgaban que procedía dictar sentencia en rebeldía contra el Colegio.

Entonces, el 20 de mayo de 2022, el TPI emitió *Sentencia* declarando No Ha Lugar la Demanda enmendada, es decir, desestimó la

---

[5] *Íd.*, anejo 14, pág. 109.

causa de acción instada por los recurridos. No obstante, para fines de la controversia que está ante nosotros, es medular indicar que en esta *Sentencia* el foro primario detalló lo siguiente: que en la *Conferencia sobre el estado de los procedimientos* celebrada el 5 de noviembre de 2021, **fueron corroboradas las notificaciones de los procedimientos tanto al abogado del Colegio, como al Colegio mismo**; que en la *Conferencia con antelación al juicio* se destacó nuevamente **la corrección de las notificaciones a la parte demandada, aquí peticionaria, y las diversas oportunidades que se le dieron a esta parte para contestar la demanda, sin resultado**.[6]

Cercano a cumplirse dos meses de emitida la *Sentencia* que precede, el 13 de julio de 2022, el Colegio presentó una *Urgente Moción por Derecho Propio de Relevo de Representación Legal*. Adujo que no había podido comunicarse con su representante legal, por lo que solicitó ser relevado de esta, con el propósito de contratar otro abogado. Concedida tal solicitud, el 15 de julio de 2022, el Colegio compareció con nueva representación legal.

En desacuerdo con la *Sentencia* de 20 de mayo de 2022, y habiéndose denegado una *Moción de reconsideración* ante el TPI, los recurridos acudieron ante nosotros, el 1 de agosto de 2022, mediante *recurso de apelación*. En respuesta, el Colegio presentó *Alegato en oposición a recurso de apelación*. El 29 de septiembre de 2022, emitimos *Sentencia* revocatoria de la determinación apelada, en el caso identificado con el alfanumérico KLAN202200614.

Estando inconforme esta vez el Colegio con nuestro dictamen, el 23 de noviembre de 2022, y luego de que denegáramos una *Moción de reconsideración* presentada por este, acudió al Tribunal Supremo

---

[6] Apéndice 20 de la *Oposición a recurso de certiorari*, págs. 167-176.

mediante *Recurso de certiorari*, cuya expedición fue denegada el 3 de febrero de 2023. El Mandato fue remitido el 24 de febrero de 2023.

Es así como, el **24 de marzo de 2023**, el Colegio presentó ante el foro primario una *Moción Para Solicitar Relevo de Sentencia y que se Deje Sin Efecto la Rebeldía*. El peticionario esgrimió como razón para que fuera levantada la anotación de rebeldía que, al momento de su anotación, ya había presentado su alegación responsiva mediante *Moción de Reconsideración, Desestimación de Interdicto Preliminar, Permanente, Sentencia Declaratoria y Daños y Perjuicios,* por lo que el término para contestar la demanda no había iniciado. En esta moción el Colegio no aludió, en forma alguna, a las múltiples oportunidades que le concedió el foro primario para que contestara la demanda, antes de anotarle la rebeldía el 10 de junio de 2021. Al contrario, el peticionario sostuvo que el TPI no siguió el proceso establecido por las Reglas de Procedimiento Civil, a lo fines de notificarle directamente sobre los procesos, antes de imponerle tan severa sanción como la anotación de la rebeldía. Precisó que, aunque la *Orden* de anotación de rebeldía le fue notificada directamente al correo postal del Colegio, nunca la tuvo ante sí. Aseveró no haberse cruzado de brazos en los procesos para que se justificara la anotación de la rebeldía.

A raíz de lo cual, el 18 de abril de 2023, los recurridos presentaron una *Réplica a Moción para Solicitar Relevo de Sentencia y que se Deje sin Efecto la Rebeldía*. En lo que nos interesa, enfatizaron cómo, antes del foro apelado anotarle la rebeldía al Colegio, le dio varias oportunidades para contestar la demanda y le notificó directamente de las *Órdenes* a su dirección de récord, además de a su abogado, pero este se cruzó de brazos.

Luego de que el peticionario presentara una *Breve Dúplica a Réplica a Moción para Solicitar Relevo De Sentencia y que se Deje sin*

*Efecto La Rebeldía*, el 30 de mayo de 2023, el TPI declaró No Ha Lugar la solicitud de relevo de sentencia y para que se deje sin efecto la rebeldía, mediante *Resolución*. Es este el dictamen cuya revocación nos solicita el Colegio.

Finalmente, el 30 de junio de 2023, el Colegio acudió ante nosotros, mediante recurso de *certiorari*, planteando que el TPI cometió los siguientes errores:

> **PRIMER ERROR:** Erró el Honorable Tribunal de Primera Instancia al anotarle la rebeldía a la Caribbean School pues al momento de la anotación de rebeldía, Caribbean School había presentado su alegación responsiva mediante la radicación de una moción dispositiva la cual estaba pendiente de resolverse.

> **SEGUNDO ERROR:** Erró el Honorable Tribunal de Primera Instancia al anotarle la rebeldía a Caribbean School sin haberle apercibido directamente a la parte sobre los incumplimientos de su representación legal y sobre las consecuencias de su incumplimiento.

> **TERCER ERROR:** Erró el Honorable Tribunal de Primera Instancia al mantener la rebeldía impuesta a Caribbean School, al no conceder el relevo de sentencia y al no permitirle comparecer al pleito a defenderse de las alegaciones en su contra a pesar de que esta parte ha demostrado un legítimo interés en defenderse y tiene defensas válidas en contra del remedio reclamado por la parte demandante.

> **CUARTO ERROR:** Erró el Honorable Tribunal de Primera Instancia al no conceder el relevo de sentencia a pesar de que la rebeldía a Caribbean School fue impuesta contrario a derecho, lo que constituye una clara violación a su derecho fundamental de ser escuchado y tener su día en corte.

En respuesta, el 5 de septiembre de 2023, los recurridos presentaron *Alegato en Oposición a Expedición de Certiorari*.

## II. Exposición de Derecho

a.

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, dispone que, cuando una parte no contesta la demanda o no se defiende como las leyes y las reglas estipulan, el tribunal podrá anotarle la rebeldía por iniciativa propia o por solicitud de parte. *González Pagán v. Moret*

*Guevara*, 202 DPR 1062, 1068-1069 (2019); *Bco. Popular v. Andino Solís*, 192 DPR 172, 179 (2015); *Correa v. Marcano*, 139 DPR 856, 861 (1996); *Imp. Vilca, Inc. v. Hogares Crea, Inc.*, 118 DPR 679 (1987). Véase, R. Hernández Colón, *Práctica jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 327; J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, Pubs. JTS, 2011, T. IV, pág. 1338. El propósito de la anotación de rebeldía es disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 587 (2011); *Ocasio v. Kelly Servs.*, 163 DPR 653, 671 (2005). Véase Cuevas Segarra, *op. cit.*, pág. 1339. Esta "opera como remedio coercitivo contra una parte adversaria a la cual, habiéndosele concedido la oportunidad de refutar la reclamación, por su pasividad o temeridad opta por no defenderse". *Álamo v. Supermercado Grande, Inc.*, 158 DPR 93, 101 (2002). Véanse: *Continental Ins. v. Isleta Marina*, 106 DPR 809, 815 (1978); Cuevas Segarra, *op. cit.*, pág. 1338.

La anotación de rebeldía podrá hacerla el tribunal a iniciativa propia, o a moción de parte. Regla 45.1 de Procedimiento Civil, *supra*. De realizarse dicha anotación, la misma "tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas".[7] *Íd*. Otra consecuencia de que se anote la rebeldía es que se autoriza al tribunal para que dicte sentencia, si es que procede como cuestión de derecho. *Banco Popular v. Andino Solís,* 192 DPR 172, 179 (2015); *Rivera Figueroa v. Joe's European Shop, supra,* pág. 590. Es decir, anotada la rebeldía, se dan por admitidos todos los hechos bien alegados y queda autorizado el tribunal a dictar sentencia cuando proceda como cuestión de derecho.

Si la parte a la que se le anotó la rebeldía compareció en algún momento al pleito tiene derecho a que se le notifiquen todos los escritos y

---

[7] Salvo que no procede dictar sentencia contra un menor o incapacitado a menos que estén debidamente representados.

órdenes que se den a lo largo del proceso. *Banco Popular v. Andino Solís, supra*, págs. 180 - 182. Además, si el juzgador de hechos entiende que es necesaria la celebración de una vista para dirimir prueba, el demandado a quien se le anotó rebeldía tiene derecho a ser informado sobre la celebración de ese proceso, así como asistir al mismo, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía que se le reclama y acudir en apelación. *Continental Inc. v. Isleta Marina,* 106 DPR 809, 817 (1978).

Un trámite en rebeldía no garantiza *per se*, una sentencia favorable al demandante. *Continental Inc. v. Isleta Marina, supra.* Compete a dicha parte demostrar que procede la concesión del remedio solicitado. *Rivera Figueroa v. Joe's European Shop, supra.*

De otro lado, si bien la anotación de rebeldía es un ejercicio discrecional del tribunal, no se sostiene cuando ello resulta en algo burdo o injusto. Por ello, la anotación y la sentencia en rebeldía como sanciones por el incumplimiento de las órdenes del tribunal deben darse dentro del marco de lo que es justo.

La parte que quiere que se deje sin efecto la rebeldía tiene que presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. *Rivera Figueroa v. Joe's European Shop supra,* pág. 593.

Por su parte, la Regla 45.3 de Procedimiento Civil (32 LPRA Ap. V, R. 45.3) faculta a los tribunales a dejar sin efecto tanto la anotación como la sentencia en rebeldía. Ello, **siempre que exista una causa justificada** para ello. Para acreditar que hubo justa causa deben proveerse **explicaciones concretas y particulares, debidamente**

**evidenciadas**, de modo que permitan al Tribunal concluir que hubo una excusa razonable. *Soto Pino v. Uno Radio Group*, 189 DPR 84 (2013).

## III. Aplicación del Derecho a los hechos

Según quedó visto, todos los señalamientos de error giran alrededor de un mismo planteamiento, que incidió el foro recurrido al anotarle la rebeldía al Colegio, por tanto, son susceptibles de discusión conjunta. Las siguientes son las razones alzadas por el Colegio por las cuales juzga que incidió el TPI al anotarle la rebeldía: (1) que, al momento de la anotación de rebeldía, estaba pendiente por resolver una moción dispositiva por él presentada, de carácter *responsivo*; (2) que el TPI erró al no haberle apercibido directamente sobre los incumplimientos de su representación legal y sobre las consecuencias de su incumplimiento; (3) que había demostrado un interés legítimo en defenderse.

Es justo iniciar la discusión de los planteamientos del Colegio haciendo referencia a las oportunidades que le concedió el foro primario para que contestara la demanda, antes de ordenar la anotación de la rebeldía, sin nunca recibir respuesta alguna de dicha parte: (1) el 22 de febrero de 2021 se le concedió un término de veinte (20) días para que contestara la demanda; (2) el 21 de mayo de 2021 fue emitida otra *Resolución* concediéndole un término perentorio de diez (10) días, so pena de la anotación de la rebeldía. Fue posterior a tales oportunidades que, el 10 de junio de 2021, el TPI le anotó la rebeldía al Colegio, habiendo sido presentada la *Demanda* el 12 de agosto de 2020. Tal ausencia de respuesta por un periodo prolongado, y previo a las advertencias expresas del TPI sobre la anotación de la rebeldía en caso de no contestar la demanda, revelan dilación injustificada en los procedimientos por parte del Colegio, o una pasividad tal que solo

permitía interpretar como la voluntad de no defenderse, o cruzarse los brazos.

Respecto a la alegación del Colegio referente a que no fue debidamente advertido de las órdenes por las cuales se le requirió contestar la demanda, so pena de anotación de la rebeldía, el propio foro recurrido se encargó del asunto al dejar constancia, en la *Sentencia* de 20 de mayo de 2022, de la siguiente información: que en la *Conferencia sobre el estado de los procedimientos* celebrada el 5 de noviembre de 2021, **fueron corroboradas las notificaciones de los procedimientos** tanto al abogado del Colegio, **como al Colegio mismo**; que en la *Conferencia con antelación al juicio* se destacó nuevamente **la corrección de las notificaciones a la parte demandada, aquí peticionaria, y las diversas oportunidades que se le dieron a esta parte para contestar la demanda, sin resultado.**

Ante el cuadro descrito, difícil resulta imputarle al TPI algún grado de abuso de discreción, error, prejuicio o parcialidad que nos mueva a intervenir con el curso procesal hasta el momento seguido. La anotación de la rebeldía cuya revocación procura el Colegio fue precedida de oportunidades claras para que contestara la demanda, debidamente notificadas a esta parte, además de a su abogado. Nada hay en el expediente que siquiera nos acerque a apreciar abuso de discreción en la actuación del tribunal *a quo*. Nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, perjuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Es decir, examinado el expediente, no observamos en el razonamiento del ilustre Foro recurrido, ni en las incidencias procesales subrayadas, el error manifiesto que justifique la expedición

del recurso extraordinario que solicita el Colegio, por lo que procede denegar su expedición.

## IV. Parte dispositiva

Por los fundamentos expuestos, denegamos expedir el recurso de *certiorari* presentado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones