ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| DAVIEL MOLINA SANTIAGO<br><br>Peticionario<br><br>v.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DEL DEPARTAMENTO DE JUSTICIA HONORABLE DOMINGO EMANUELLI HERNÁNDEZ; DEPARTAMENTO DE TRANSPORTACIÓN Y OBRAS PÚBLICAS; SECRETARIA EILEEN M. VÉLEZ VEGA<br><br>Recurridos | KLCE202401334 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Arecibo<br><br>Caso Número: AR2024CV01301<br><br>Salón: 401<br><br>Sobre: SENTENCIA DECLARATORIA |

Panel integrado por su presidenta, la Jueza Brignoni Mártir, la Jueza Álvarez Esnard y la Jueza Prats Palerm.

*Prats Palerm, Jueza Ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 17 de enero de 2025.

Comparece Daviel Molina Santiago ("señor Molina Santiago" o "Peticionario") mediante *Certiorari* y solicita que revisemos la *Orden* emitida el 25 de octubre de 2024, por el Tribunal de Primera Instancia, Sala Superior de Arecibo ("TPI"). Mediante el referido dictamen, el TPI relevó la anotación en rebeldía previamente impuesta al Estado Libre Asociado ("ELA" o "Recurrido"), por incumplir con el término dispuesto para presentar su alegación responsiva.

Por los fundamentos que expondremos a continuación, se *deniega* la expedición del auto solicitado.

## I.

El 9 de julio de 2024, el señor Molina Santiago presentó una *Solicitud de Sentencia Declaratoria* en contra del ELA y el Departamento de Transportación y Obras Públicas ("DTOP"). El Peticionario solicitó que se declarara prescrita una deuda, producto de unas multas administrativas por

infracciones de tránsito cometidas entre el 2005 al 2022. Consecuentemente, el 18 de julio de 2024, el señor Molina Santiago notificó una *Moción Sometiendo Emplazamiento debidamente Diligenciados,* mediante la cual acreditó el emplazamiento diligenciado al ELA y al DTOP.

Transcurrido el término de sesenta (60) días sin la comparecencia de los Recurridos, el 17 de septiembre de 2024, el Peticionario solicitó que se les anotara la rebeldía. Así las cosas, el TPI le anotó la rebeldía al ELA y al DTOP mediante *Orden* dictada el 26 de septiembre de 2024.

El 21 de octubre de 2024, el ELA presentó una *Solicitud de Relevo Anotación de Rebeldía.* En síntesis, el Recurrido expuso que, le había requerido información al DTOP para presentar su posición en cuanto al recurso, pero que debido a trámites internos de la agencia no se había provisto lo solicitado. Asimismo, sostuvo que, como resultado del cúmulo de trabajo, no había instado una solicitud de prórroga a tiempo. Adujo, además, que levantar la anotación de rebeldía no afectaría el trámite del caso, ya que se encontraba en una etapa temprana.

En oposición, el 22 de octubre de 2024, el señor Molina Santiago instó una *Moción en Oposición a que se levante la Rebeldía* en la cual adujo que el ELA no presentó justa causa para su incumplimiento con la Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V., R. 10.1.

El 25 de octubre de 2024 el foro de instancia dictaminó una *Orden.* Mediante el referido dictamen, levantó la anotación de rebeldía del ELA y le concedió un término perentorio de diez (10) días para contestar la demanda. Así las cosas, el 4 de noviembre de 2024, el ELA presentó su alegación responsiva.

Insatisfecho con la referida *Orden,* el 6 de noviembre de 2024, el señor Molina Santiago presentó una *Moción en Reconsideración.* El 13 de noviembre de 2024, el TPI denegó la reconsideración solicitada mediante *Orden* notificada el 14 de noviembre de 2024.

Inconforme aún, el 11 de diciembre de 2024, el señor Molina Santiago acudió ante nos mediante *Certiorari*. El Peticionario realizó los siguientes señalamientos de errores:

**Erró el Tribunal de Primera Instancia Sala Superior de Arecibo en ordenar el relevo de anotación de rebeldía al demandado-recurrido ELA, habiendo transcurrido el término de 60 días sin que este haya radicado alegación responsiva, término que conforme la Regla es expresamente improrrogable, violentando con su interpretación a la regla los principios de hermenéutica judicial.**

**Erró el Tribunal de Primera Instancia Sala Superior de Arecibo en ordenar el relevo de anotación de rebeldía al demandado-recurrido ELA, habiendo transcurrido el término de 60 días sin que este haya radicado alegación responsiva, sin la existencia de justa causa para el incumplimiento de un término de cumplimiento estricto.**

El 26 de diciembre de 2024, el ELA presentó su *Oposición a Expedición de Petición de Certiorari*. Perfeccionado el recurso y contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra; Scotiabank de Puerto Rico v. ZAF Corporation,*

202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. 4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a

*Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular,* 152 DPR 140, 155 (2000).

**-B-**

Es obligación de toda parte contra la cual se presenta una demanda de notificar su contestación dentro del término de cumplimiento estricto de treinta (30) días de haber sido emplazado conforme a derecho. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10. Cuando el ELA y los municipios, sus funcionarios o una de sus instrumentalidades, excluyendo a las corporaciones públicas, formen parte del pleito, cualquier parte tendrá un término improrrogable de sesenta (60) días para presentar su alegación responsiva. Regla 10.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 10.

Sobre los términos de cumplimiento estricto, nuestro Tribunal Supremo ha enfatizado lo siguiente:

> Es norma harta conocida en nuestro ordenamiento que **un término de cumplimiento estricto puede ser prorrogado por los tribunales**. Ello a diferencia de los llamados términos jurisdiccionales, cuyo incumplimiento impide la revisión judicial por privar de jurisdicción a los tribunales. Sin embargo, para prorrogar un término de cumplimiento estricto "generalmente **se requiere que la parte que solicita la prórroga, o que actúa fuera de término, presente justa causa** por la cual no puede cumplir con el término establecido". (Citas omitidas). *Soto Pino v. Uno Radio Group,* 189 DPR 84, 92 (2013)

(Énfasis suplido)

En otras palabras, los términos de cumplimiento estricto podrán ser prorrogados cuando medie justa causa.

**-C-**

Las Reglas de Procedimiento Civil establecen que procede la anotación de rebeldía "*[c]uando una parte contra la cual se solicite una sentencia que*

*concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma, según se dispone en estas reglas*". Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 45.1. Este remedio puede ser utilizado tanto en las instancias mencionadas, como en aquellas en que una de las partes en el pleito no ha cumplido con algún mandato del tribunal, que conlleva la obligación del foro judicial a imponerle la rebeldía como sanción. *Ocasio v. Kelly Servs.*, 163 DPR 653, 670 (2005).

A pesar de ello, la anotación de rebeldía "*como sanción por su incumplimiento con una orden del tribunal siempre se debe dar **dentro del marco de lo que es justo, y la ausencia de tal justicia equivaldría a un abuso de discreción**". *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 590 (2011). Por este motivo, un tribunal, al momento de resolver una solicitud de anotación de rebeldía, debe interpretar la Regla 45 de Procedimiento Civil, *supra,* **de forma liberal, lo que significa que debe siempre resolver cualquier duda a favor de la parte que se opone a la concesión de la rebeldía. Esto es cónsono con la política judicial que prefiere que los casos se vean en sus méritos**. *Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283, 293 (1988); *Imp. Vilca, Inc v. Hogares Crea, Inc.,* 118 DPR 679, 686 (1987).

**III.**

En síntesis, el señor Molina Santiago arguye que incidió el foro de instancia al levantar la anotación de rebeldía del ELA, a pesar de que no medió justa causa para su incumplimiento con la Regla 10.1 de Procedimiento Civil, *supra.*

Por su parte, el ELA aduce que la demora en la presentación de la contestación a la demanda fue debido a trámites internos del DTOP que impidieron obtener la información necesaria para presentar la alegación responsiva. Asimismo, expone que su representante legal arguyó que, si alguna sanción debía ser impuesta, se le impusiera a esta, como abogada. Además, señala que, contaba con planteamientos que permitirían al foro de instancia disponer del caso de autos.

Luego de examinar el expediente a la luz de los criterios de la Regla 40 de nuestro Reglamento, *supra,* no identificamos razón por la cual esta Curia deba intervenir. Ello, ya que no se presentan ninguna de las situaciones que allí se contemplan. Recordemos que, nuestro ordenamiento jurídico nos brinda la discreción de intervenir en aquellos dictámenes interlocutorios o postsentencia en los que el foro de instancia haya sido arbitrario, cometido un craso abuso de discreción o cuando de la actuación del foro surja un error en la interpretación, o la aplicación de cualquier norma procesal o de derecho sustantivo. Por tanto, debemos brindarle deferencia a la facultad discrecional del foro primario y solo intervenir para evitar un fracaso de la justicia, lo que no ocurre en este caso.

**IV.**

Por los fundamentos que anteceden, se *deniega* la expedición del auto solicitado.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones