Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EDWARD ÁLVAREZ SEDA Y OTROS<br><br>Peticionarios<br><br>v.<br><br>SOLIÁN DEVELOPMENT, CORP. Y OTROS<br><br>Recurridos | TA2025CE00846 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Sobre: Enmienda a Escritura y otros<br><br>Caso Núm. LO2022CV00025 |

Panel Especial integrado por su presidenta, la Juez Domínguez Irizarry, la Juez Lebrón Nieves y la Juez Martínez Cordero

Domínguez Irizarry, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 22 de enero de 2026.

La parte peticionaria, Edward Álvarez Seda y otros, comparece ante nos y solicita nuestra intervención mediante el recurso de *certiorari*, a fin de que dejemos sin efecto la *Resolución* emitida el 23 de septiembre de 2025 y notificada el 24 de septiembre de 2025 por el Tribunal de Primera Instancia, Sala de Carolina. Mediante esta, el foro primario denegó una *Solicitud de Desestimación de Reconvención* promovida por la parte peticionaria. Ello, dentro de un pleito que incluye reclamaciones sobre enmienda de escritura relacionada con el régimen de propiedad horizontal; rendición de cuentas; incumplimiento de contrato; entrega y traspaso de la administración interina y de fondos; incumplimiento de los deberes del administrador interino; remoción del administrador interino y nombramiento de un administrador judicial; y daños y perjuicios, incoadas por la parte peticionaria en contra de la parte recurrida, Solián Development, Corp. y otros.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari.*

**I**

El 21 de febrero de 2022, la parte peticionaria presentó la *Demanda* de epígrafe. En síntesis, sostuvo que Solián Development, Corp. fungió como urbanizador, constructora y/o vendedora del complejo residencial River Oak Villas, localizado en Loíza, Puerto Rico. Indicó que el proyecto fue diseñado para desarrollarse en dos fases y contemplaba un total de treinta y tres (33) edificios y ciento noventa y ocho (198) apartamentos, además de diversas facilidades vecinales, áreas de juego, calles, estacionamientos, áreas verdes y demás anexos. Según se alegó, el complejo fue convertido al Régimen de Propiedad Horizontal mediante la Escritura Pública Núm. 451, intitulada *Conversión al Régimen de Propiedad Horizontal Condominio River Oak Villas*, otorgada ante el notario Jorge García Soto el 25 de octubre de 2013, en San Juan, Puerto Rico.

En su demanda, la parte peticionaria sostuvo que la referida escritura dispuso que la administración interina, ejercida por la parte recurrida, comenzaría con la venta del primer apartamento y se extendería hasta la venta del setenta y cinco por ciento (75%) de las unidades. No obstante, alegó que únicamente se construyeron sesenta (60) apartamentos de los ciento noventa y ocho (198) contemplados en la Escritura Núm. 451, lo que representa aproximadamente el treinta punto sesenta y uno por ciento (30.61%) del total de las unidades proyectadas para ambas fases del proyecto. Añadió que la parte recurrida no completó la fase uno (1) y notificó al acreedor hipotecario su intención de no construir la fase dos (2), lo que, a su entender, imposibilitaba alcanzar el porciento de ventas requerido para el traspaso de la administración a los titulares.

Bajo ese escenario, alegó que resultaba necesario enmendar la escritura del régimen de propiedad horizontal para atemperarla a la realidad física de lo construido y cumplir con los requisitos de la *Ley de Condominios de Puerto Rico*, Ley Núm. 129 de 16 de agosto

de 2020, según enmendada, 31 LPRA sec. 1921 et seq., toda vez que, conforme a la cantidad de unidades originalmente proyectadas, no sería posible alcanzar el setenta y cinco por ciento (75%) de ventas exigido por Ley. Sobre dicho particular, sostuvo que, si el régimen se limitara a las sesenta (60) unidades construidas, de las cuales cuarenta y nueve (49) habían sido vendidas y entregadas, se cumpliría con los porcientos requeridos por la legislación aplicable y se viabilizaría el traspaso de la administración.

A su vez, la parte peticionaria alegó que Solián Development, Corp. incumplió con entregar el proyecto conforme fue acordado, al no construir ni entregar diversas facilidades comunes, entre ellas facilidades recreativas, gimnasio, buzones de correo, oficina administrativa, estación de depósito de desperdicios, cancha de voleibol, media cancha de baloncesto, pista para caminar, rampas para personas con impedimentos y piscina. A lo anterior, añadió que la parte recurrida mantuvo bajo su control una cuantía ascendente a siete mil trescientos cincuenta dólares ($7,350.00) correspondiente a fondos de reserva del condominio, los cuales debían mantenerse en cuentas de plica, y que, a pesar de haber presentado una reclamación de seguro por daños a una verja perimetral, no efectuó las reparaciones correspondientes, estimándose dichos daños en no menos de setenta y cinco mil dólares ($75,000.00). Esbozó que la parte recurrida, en su carácter de administrador interino, incumplió con múltiples deberes administrativos y operacionales relacionados con servicios esenciales de agua y energía eléctrica, y que continuó cobrando cuotas de mantenimiento, sin haber efectuado el traspaso de la administración al Consejo de Titulares, lo que, según sostuvo, ha ocasionado daños a los residentes.

A tenor con las alegaciones antes resumidas, la parte peticionaria formuló múltiples causas de acción contra la parte

demandada, entre ellas: enmienda del régimen de propiedad horizontal; rendición de cuentas; incumplimiento de contrato; entrega y traspaso de la administración interina y de los fondos del condominio; incumplimiento de los deberes del administrador interino; remoción del administrador interino y nombramiento de un administrador judicial; así como daños y perjuicios, estos últimos por concepto de daños emocionales y angustias mentales, estimados en una suma no menor de doscientos cincuenta mil dólares ($250,000.00).

En respuesta, el 16 de abril de 2024, la parte recurrida presentó su *Contestación a Demanda y Reconvención*. En dicho escrito, negó las alegaciones formuladas en su contra y expuso varias defensas afirmativas. En su reconvención, alegó que los señores José Luis González Sánchez y Edward Álvarez Seda, así como la señora Elizabeth García Fuentes, sin ostentar autoridad legal, realizaron actuaciones dirigidas a instar a otros titulares y residentes del Condominio River Oak Villas a no pagar las cuotas de mantenimiento a la administración interina. Sostuvo que dichas actuaciones provocaron un incumplimiento por parte de varios residentes en el pago de las cuotas de mantenimiento, lo que ocasionó una merma sustancial en los fondos del Condominio e impidió sufragar gastos comunes esenciales, incluyendo el pago de utilidades, así como el mantenimiento y la reparación de las áreas comunes. Alegó que las actuaciones antes descritas eran contrarias a lo dispuesto en la Escritura Pública Núm. 451 y a lo establecido en el Artículo 59 de la Ley Núm. 129-2020, 31 LPRA sec. 1923d, que impone a los titulares la obligación de contribuir proporcionalmente al pago de los gastos de administración, conservación y reparación de los elementos comunes, sin que puedan eximirse de dicha obligación por renuncia al uso, abandono de la propiedad o la

presentación de reclamaciones administrativas o judiciales relacionadas con la administración del Condominio.

Ante ello, la parte recurrida formuló reclamaciones en cobro de dinero y daños y perjuicios, mediante las cuales reclamó el pago de cuotas de mantenimiento vencidas, líquidas y exigibles, correspondientes a múltiples titulares, así como daños y perjuicios alegadamente ocasionados por las actuaciones descritas, los cuales estimó en una suma ascendente a quinientos mil dólares ($500,000.00). Además, solicitó el pago de honorarios de abogado, costas y cualquier otro remedio que en derecho procediera.

El 24 de abril de 2024, la parte peticionaria presentó una *Réplica a la Reconvención y Solicitud de Desestimación de Reconvención.* En dicho escrito, solicitó la desestimación de la reconvención presentada por Solián Development, Corp., al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V, R. 10.2(5), por alegar que esta no exponía reclamaciones que justificaran la concesión de un remedio. En específico, en cuanto a la reclamación por cobro de dinero, alegó que la parte recurrida se apoyaba en la Escritura Pública Núm. 451, cuya validez había sido cuestionada en la demanda principal mediante una solicitud de enmienda para atemperarla a la realidad de lo construido. Además, planteó que no se estableció adecuadamente que las deudas reclamadas fueran vencidas, líquidas y exigibles, ni se acompañó prueba documental que sustentara las sumas reclamadas contra múltiples titulares. A su vez, señaló que el caso estaba pendiente de consolidación con el pleito CN2021CV00400, relacionado con reclamaciones de cobro de dinero, lo cual, según sostuvo, incidía sobre la procedencia de dicha causa de acción.

En cuanto a la reclamación por daños y perjuicios, la parte peticionaria alegó que la reconvención no exponía adecuadamente los elementos necesarios para sostener dicha causa de acción, al no

establecer de forma clara la existencia de un daño real, el nexo causal ni una conducta culposa o negligente atribuible a su persona. A base de lo anterior, solicitó la desestimación de la reconvención instada en su contra.

Evaluados los planteamientos de ambas partes, el 23 de septiembre de 2025, con notificación del día siguiente, el Tribunal de Primera Instancia emitió la *Resolución* aquí recurrida. Mediante esta, el foro primario denegó la *Solicitud de Desestimación de Reconvención* promovida por la parte peticionaria. Concluyó que la solicitud de consolidación del caso de epígrafe con el caso CN2021CV00400, no constituía fundamento para desestimar la reconvención. En el referido caso, la demanda fue presentada por River Oak Villas Home Owners Association y el único demandado era Daniel Vélez Rivera. Así también, aludió a que en la reconvención del presente caso Solián Development, Corp. reclamó remedios contra los treinta y ocho (38) titulares que comparecieron como demandantes en la demanda de epígrafe. A base de ello, resolvió que la solicitud de consolidación pendiente no justificaba la desestimación de la reconvención.

Por otro lado, el foro primario expresó que, al atender una solicitud de desestimación, debía evaluar las alegaciones de la reconvención de la forma más favorable a la parte promovente, en este caso, Solián Development, Corp. A tales efectos, concluyó que, de resultar ciertas las alegaciones de que algunos o todos los titulares adeudaban cuotas de mantenimiento, la parte recurrida tendría derecho a un remedio. Asimismo, determinó que Solián Development, Corp. también tendría derecho a un remedio si se probara la alegación de que tres (3) de los titulares se apropiaron indebidamente de las cuotas de mantenimiento. Finalmente, concluyó que las alegaciones contenidas en la reconvención eran suficientes para permitir que la parte peticionaria se defendiera

adecuadamente, por lo que declaró *No Ha Lugar* la *Solicitud de Desestimación de Reconvención.*

Inconforme, y tras denegada una previa solicitud de reconsideración, el 1 de diciembre de 2025, la parte peticionaria compareció ante nos mediante el presente recurso de *certiorari.* En el mismo, formula los siguientes planteamientos:

> Erró el Tribunal de Primera Instancia al sostener la reconvención de Solián pese a que la misma es jurídicamente insuficiente bajo la Regla 6.1 y la Regla 10.2(5) de Procedimiento Civil, al no cumplir con el estándar de plausibilidad ni alegar los hechos materiales indispensables para sostener sus causas de acción.
>
> Erró el Tribunal al validar una reconvención presentada por una parte sin legitimación activa, permitiendo que Solián — desarrollador y deudor estatutario de cuotas conforme al Art. 32(d) de la Ley 129-2020— reclamara en calidad de supuesto acreedor o administrador interino, en abierta contradicción con el régimen legal aplicable, con el expediente judicial del caso y con el caso relacionado CN2021CV00400 donde ROVHA fue reconocida como administradora interina.
>
> Erró el Tribunal al emitir la resolución recurrida sin analizar los planteamientos sustanciales presentados en la Moción de Reconsideración, limitándose a un pronunciamiento conclusorio sin atender la insuficiencia alegatoria, las condiciones precedentes no cumplidas, la falta de legitimación de Solián, las contradicciones con la Sentencia Parcial ni la información judicialmente notoria del caso CN2021CV00400.

Luego de examinar el expediente de autos y con el beneficio de la comparecencia de ambas partes de epígrafe, procedemos a expresarnos.

## II

### A

Conforme es sabido, la Regla 10.2(5) de Procedimiento Civil, *supra,* provee para que una parte solicite al foro competente la desestimación de un pleito incoado en su contra, bajo el fundamento de que la reclamación en controversia no justifica la concesión de un remedio. *Díaz Vázquez et al. v. Colón Peña et al.,* 214 DPR 1135, 1149 (2024); *Inmob. Baleares et al. v. Benabe et al.,* 214 DPR 1109,

1128 (2024); *Blassino, Reyes v. Reyes Blassino,* 214 DPR 823, 833 (2024). Ahora bien, nuestro estado de derecho reconoce e impulsa el interés de que todo litigante tenga su día en corte. *Rivera et al. v. Superior Pkg., Inc. et al.,* 132 DPR 115, 121 (1992). El empleo de los recursos adjudicativos en nuestra jurisdicción se fundamenta en la política judicial que establece que los casos se ventilen en sus méritos de forma rápida, justa y económica. *Amaro González v. First Fed. Savs.,* 132 DPR 1042, 1052 (1993). Considerando eso, la posición doctrinaria en nuestro sistema de ley es salvaguardar, como norma general, el derecho de las partes a su efectivo acceso a los tribunales. *Imp. Vilca, Inc. v. Hogares Creas Inc.,* 118 DPR 679, 686-687 (1987). En consecuencia, la desestimación de un pleito, previo a entrar a considerar los argumentos que en el mismo se plantean, constituye el último recurso al cual se debe acudir, luego de que otros mecanismos resulten ser ineficaces en el orden de administrar la justicia. *SLG Sierra v. Rodríguez,* 163 DPR 738, 746 (2005).

En atención a la política pública antes expuesta, para que el referido mecanismo de desestimación proceda en derecho, presupone que se den por correctos y bien alegados los hechos incluidos en la demanda, así como que los mismos se expongan de forma clara y concluyente, sin que de su faz se desprenda margen alguno a dudas. *Díaz Vázquez et al. v. Colón Peña et al.,* supra, pág. 1149; *Blassino, Reyes v. Reyes Blassino,* supra, pág. 833; *Costas Elena v. Magic Sport,* 213 DPR 523, 533 (2024*); Eagle Security v. Efrón Dorado et al.*, 211 DPR 70, 84 (2023); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.*, 174 DPR 409, pág. 428 (2008); *Colón v. Lotería,* 167 DPR 625, 649 (2006); *Pressure Vessels PR v. Empire Gas PR,* 137 DPR 497, 504-505 (1994). De igual forma, la demanda deberá ser interpretada con mayor liberalidad a favor de las alegaciones de la parte demandante, por lo que, recayendo la carga probatoria en el

promovente de la moción de desestimación, este viene obligado a demostrar que aquel no tiene derecho a remedio alguno al amparo de los hechos que puedan ser probados en apoyo a su requerimiento. *Inmob. Baleares et al. v. Benabe et al.,* supra, págs. 1128-1129; *Dorante v. Wrangler of PR*, 145 DPR 408, 414 (1998). En este supuesto, la función judicial estriba en determinar si, aun resolviendo toda incertidumbre en beneficio de la parte demandante, su demanda es suficiente para constituir una reclamación válida. *Blassino, Reyes v. Reyes Blassino.,* supra, págs. 833-834; *Pressure Vessels PR v. Empire Gas PR*, supra, pág. 505.

**B**

Por otra parte, el recurso de *certiorari* es un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un foro inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *800 Ponce de León v. AIG*, 205 DPR 163, 174 (2020); *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 728 (2016); *IG Builders et al v. BBVAPR,* 185 DPR 307, 337-338 (2012). Mediante la presentación de un recurso de *certiorari* se pretende la revisión de asuntos interlocutorios que han sido dispuestos por el foro de instancia en el transcurso y manejo del caso que atienden. Distinto al ejercicio de sus funciones respecto a un recurso de apelación, el tribunal al que se recurre mediante el vehículo procesal del recurso de *certiorari* tiene discreción para atender el asunto planteado, ya sea expedir el auto solicitado o denegarlo. *800 Ponce de León v. AIG,* supra; *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 593 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. Estos son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Ahora bien, la correcta consecución de la justicia necesariamente conlleva reconocer a los juzgadores de los foros primarios un amplio margen de deferencia respecto al ejercicio de sus facultades adjudicativas dentro del proceso que dirigen. De ordinario, el criterio judicial empleado en el manejo de un caso al emitir pronunciamientos de carácter interlocutorio está revestido de gran autoridad. De ahí la premisa normativa que califica la tramitación de los asuntos en el tribunal primario como una inherentemente discrecional del juez. Siendo así, y sin apartarse de los preceptos pertinentes al funcionamiento del sistema judicial, el adjudicador concernido está plenamente facultado para conducir el proceso que atiende conforme le dicte su buen juicio y discernimiento, siempre al amparo del derecho aplicable. *In re Collazo I,* 159 DPR 141, 150 (2003). Cónsono con ello, sabido es que los tribunales apelativos no "deben intervenir con determinaciones emitidas por el foro primario y sustituir el criterio utilizado por éste

en el ejercicio de su discreción, salvo que se pruebe que actuó con prejuicio o parcialidad, incurrió en craso abuso de discreción o que incurrió en error manifiesto". *Citibank et al. v. ACBI et al.*, 200 DPR 724, 736 (2018).

**III**

En la presente causa, la parte peticionaria sostiene que el Tribunal de Primera Instancia erró al denegar la *Solicitud de Desestimación de Reconvención* presentada al amparo de la Regla 10.2(5) de Procedimiento Civil, *supra*, pues, a su entender, la reconvención no cumple con el estándar de plausibilidad, ni expone los hechos materiales indispensables para invocar las causas de acción de cobro de dinero y daños y perjuicios. De igual forma, señala que Solián Development, Corp. carece de legitimación activa para promover dichas reclamaciones.[1] Por último, sostiene que el Tribunal de Primera Instancia emitió la *Resolución* recurrida sin atender los planteamientos formulados en la *Moción de Reconsideración.* Habiendo entendido sobre los referidos señalamientos a la luz de los hechos acontecidos y del derecho aplicable, *denegamos* la expedición del auto solicitado.

Un examen del expediente apelativo que nos ocupa mueve nuestro criterio a concluir que no concurre condición legítima alguna que amerite imponer nuestras funciones sobre las ejercidas por el foro primario. A nuestro juicio, la determinación aquí recurrida no es una que se aparte de la norma, ni producto de un abuso de discreción atribuible al Juzgador concernido. Del pronunciamiento que atendemos se desprende un análisis razonable y correcto de la norma procesal aplicable a la debida

---

[1] Es menester señalar que el planteamiento relativo a la alegada falta de legitimación activa de Solián Development, Corp., fue traído por primera vez ante el Tribunal de Primera Instancia mediante la presentación del escrito intitulado *Reconsideración sobre la Resolución del 23 de septiembre de 2025 en cuanto a la determinación de no declarar Ha Lugar la Desestimación de la Reconvención,* el 5 de octubre de 2025.

disposición del mecanismo solicitado por la parte peticionaria. Según la interpretación doctrinal de la Regla 10.2(5) de Procedimiento Civil, *supra*, toda moción de desestimación que se apoye en la inexistencia de un remedio en ley, a favor de un demandante supone que se den por ciertas las alegaciones de la demanda de que trate. Al amparo de ello, intimamos que el pronunciamiento emitido por el tribunal recurrido estrictamente obedece al referido mandato. Así pues, ninguna acción afirmativa inherente a nuestras funciones revisoras se hace precisa en esta etapa de los procedimientos.

En mérito de lo antes expuesto y amparados en la facultad que emana de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, resolvemos no expedir el auto solicitado. La prueba de autos no evidencia falta alguna atribuible al tribunal primario, de modo que resulte preciso imponernos sobre lo resuelto.

**IV**

Por los fundamentos que anteceden, se deniega la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones